In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4314

Charles Chathas, et al.,

Plaintiffs-Appellants,

v.

Local 134 IBEW, Unified Social Club,
and Mike Fitzgerald,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 0400--James B. Zagel, Judge.

Argued May 30, 2000--Decided October 18, 2000

Before Posner, Coffey, and Kanne, Circuit Judges.

Posner, Circuit Judge.  This appeal presents a tangle of jurisdictional, equitable, and labor-law issues. The plaintiffs are members of a local of the electricians union who are on the outs with the local's current business manager (that is, president), Mike Fitzgerald. They brought this suit under section 302 of the Taft-Hartley Act, 29 U.S.C. sec. 186, which forbids union officers to solicit employer contributions, against the local, Fitzgerald, and the "Unified Social Club," a social organization of members of the local. The suit charges that Fitzgerald solicited and received tens of thousands of dollars in contributions to the Club from employers with which the local bargains, the purpose being to solidify Fitzgerald's hold over the union by enabling the Club to provide attractive social outings for union members. Fitzgerald created the Unified Social Club, and it is closely identified with him and his faction of the local. The more lavish its outings, the more likely he is to be reelected business manager.
 The plaintiffs moved for a preliminary injunction forbidding the defendants to solicit or receive contributions to the Unified Social Club from employers doing business with the local. In September, the defendants submitted an offer of judgment under Rule 68 of the Federal

Rules of Civil Procedure. The essence of the offer was that the preliminary injunction would be made permanent, but that the offer was not to be construed as an admission of liability. Rule 68 offers are much more common in money cases than in equity cases, but nothing in the rule forbids its use in the latter type of case. Liberty Mutual Ins. Co. v. EEOC, 691 F.2d 438, 439-40 (9th Cir. 1982) (a case much like this); People v. Operation Rescue National, 80 F.3d 64, 68 (2d Cir. 1996); Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 270-71 (2d Cir. 1992); Spencer v. General Electric Co., 894 F.2d 651, 655 and n. 5 (4th Cir. 1990), overruled on other grounds, Farrar v. Hobby, 506 U.S. 103 (1992); RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 780-81 (8th Cir. 1988).

The plaintiffs rejected the offer. The defendants--not the plaintiffs--then moved the district court to enter a permanent injunction. The court did so, whereupon the defendants moved the court to dismiss the suit as moot. The plaintiffs objected, arguing that they were entitled to a declaratory judgment or at least to a finding in or accompanying the permanent injunction that the defendants had violated the law. At the same time the plaintiffs asked for leave to amend their complaint to add a claim under section 502 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. sec. 501, which (in subsection a) imposes on an officer of the union, so far as bears on this case, a duty "to refrain from dealing with [the union] as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization." The relief sought was disgorgement of the moneys that the Unified Social Club had received from employers doing business with the local.

The district judge granted the motion to dismiss the suit as moot on the ground that the entry of the permanent injunction had eliminated the controversy between the parties, except insofar as the request to amend the complaint was concerned. That request the district court denied on the ground that "the solicitation of money from employers does not involve union funds or property, thus does not state a claim under 29 U.S.C. sec. 501."

The plaintiffs appeal, renewing the arguments that the district court rejected when it dismissed the suit. The appeal from the denial of declaratory relief (whether in the form of a declaratory judgment, or merely a judicial

finding that the defendants did indeed violate section 302 of the Taft-Hartley Act) is independent of their appeal from the judge's refusal to let them amend the complaint to add a claim under section 501 of the Labor-Management Reporting and Disclosure Act, and it will promote clarity to treat them as if they were two separate appeals.

A winning party cannot appeal merely because the court that gave him his victory did not say things that he would have liked to hear, such as that his opponent is a lawbreaker. Adverse dicta are not appealable rulings. California v. Rooney, 483 U.S. 307, 311 (1987) (per curiam); United States v. Accra Pac, Inc., 173 F.3d 630, 632-33 (7th Cir. 1999); Grinnell Mutual Reinsurance Co. v. Reinke, 43 F.3d 1152, 1154 (7th Cir. 1995); Atlantic Mutual Ins. Co. v. Northwest Airlines, Inc., 24 F.3d 958, 961 (7th Cir. 1994); Abbs v. Sullivan, 963 F.2d 918, 924 (7th Cir. 1992). They can cause harm, but not the sort of harm that the courts, in an effort to limit litigation, deem to create a genuine controversy within the meaning of Article III of the Constitution. Judgments are appealable; opinions are not.

Nor can a party force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything--if he wants, without even appearing in the case. Reynolds v. Roberts, 202 F.3d 1303, 1315 (11th Cir. 2000). And if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy (in the constitutional sense) precludes the court from issuing an opinion on whether the defendant actually violated the law. Such an opinion would be merely an advisory opinion, having no tangible, demonstrable consequence, and is prohibited. Alliance To End Repression v. City of Chicago, 820 F.2d 873, 875-76 (7th Cir. 1987).

The plaintiffs acknowledge that their principal dissatisfaction with the permanent injunction that the district court entered is the absence of a finding of illegality, which they wish to brandish in their continuing struggle with Fitzgerald and his clique for control of Local 134. Had the injunction that the judge entered been narrower than the plaintiffs wanted, they could have appealed just like any other plaintiff who obtains only partial relief in the trial court and is dissatisfied. See, e.g., Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 332-33 (1980); EEOC v. Chicago Club, 86 F.3d 1423, 1431 (7th Cir. 1996); see also Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S.

241 (1939) (appeal by prevailing defendant); LaBuhn v. Bulkmatic Transport Co., 865 F.2d 119, 121-22 (7th Cir. 1988) (ditto). The plaintiffs drafted the preliminary injunction that the judge entered, however, and so far as the terms of the permanent injunction are concerned all the plaintiffs wanted was for him to make the preliminary injunction permanent, and he did so. The permanent injunction forbids exactly what the plaintiffs want it to forbid. But they argue that it is invalid because of its lack of a finding that the defendants violated the law, and if this is right it means that the relief they obtained was illusory--a proper basis for a "winning" plaintiff to appeal.

The requirements for a valid injunction are found in Rule 65(d) of the Federal Rules of Civil Procedure, which provides, so far as pertinent here, that "every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." The order granting the injunction in this case does not contain the material required by the rule; all it says is that the court grants the defendants' motion to enter a permanent injunction. The order contains no reasons and no terms, and in conspicuous contradiction of the rule incorporates by reference another document, namely the preliminary injunction. The order, in short, is a clear violation of Rule 65(d), International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 74-76 (1967); Schmidt v. Lessard, 414 U.S. 473 (1974) (per curiam); PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610, 619-20 (7th Cir. 1998), but also a harmless one, and it does not render the injunction unenforceable and so the plaintiffs have no legal basis for complaining. When the terms of an injunction, although not set forth in a separate document as the rule requires, can be inferred from the documentary record with sufficient clarity to enable a violation of those terms to be punished as a contempt, the injunction is enforceable. Metzl v. Leininger, 57 F.3d 618, 619 (7th Cir. 1995); Chicago & North Western Transportation Co. v. Railway Labor Executives' Ass'n, 908 F.2d 144, 149-50 (7th Cir. 1990). That is the case here. The preliminary injunction that the judge had entered in February of last year complied with Rule 65(d); the defendants' motion which the judge granted asked him to make the preliminary injunction permanent; and so the granting of the motion was the equivalent of reissuing the preliminary injunction but striking through the word "preliminary," just as in Chicago & North Western Transportation Co. v. Railway Labor

Executives' Ass'n, supra, 908 F.2d at 150; see also Advent Electronics, Inc. v. Buckman, 112 F.3d 267, 273 (7th Cir. 1997).

 Well, almost the equivalent; so far as the legal basis for the permanent injunction is concerned, the plaintiffs point out that the order entering the preliminary injunction recited only that "the Plaintiffs have made a reasonable showing of likely success on the merits," whereas the predicate for a permanent injunction would have to be that they had prevailed on the merits. A preliminary injunction is intended to protect the status quo while the case proceeds, not to adjudicate the merits. A plaintiff cannot obtain a permanent injunction merely on a showing that he is likely to win when and if the merits are adjudicated. University of Texas v. Camenisch, 451 U.S. 390, 394-95 (1981); Plummer v. American Institute of Certified Public Accountants, 97 F.3d 220, 229 (7th Cir. 1996); K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 915 (1st Cir. 1989).

 True; and this is another example of the sloppy way in which the case was handled in the district court. But it is not true that a permanent injunction is invalid unless it recites that the defendants violated the law. The obvious counterexample is a permanent injunction entered pursuant to a consent agreement in which the defendants deny liability. See, e.g., United States v. Accra Pac, Inc., supra, 73 F.3d at 631. In such a case there is no adjudication of the merits, yet the injunction is valid. The plaintiffs in this case did not consent to the entry of the permanent injunction, because it was unaccompanied by a finding of liability. But that does not mean that the injunction was invalid, as would be obvious if the injunction had been entered after the defendants defaulted, as in SEC v. Worthen, 98 F.3d 480, 481 (9th Cir. 1996). Although Rule 65(d) does require that the order granting the injunction "set forth the reasons for its issuance," they need not take the form of findings that the defendant violated the law. The reason for the injunction might simply be that the defendant had consented to its entry--that in fact was the reason the judge gave when he dismissed the suit. He gave a reason, too, why the plaintiffs' objection should not be controlling. He said that the plaintiffs had got all they were entitled to, and he was right, given that the injunction is valid and prohibits exactly the same conduct that the plaintiffs wanted it to prohibit. All that is missing is a finding of violation, and we have seen that this is not a prerequisite to the issuance of a valid injunction.

Let us move now to what we're calling the second appeal. In defending the judge's refusal to allow the plaintiffs to amend their complaint to add a claim under section 501 of the LMRDA Act, the defendants emphasize that the motion was made long after the case was filed. The complaint was filed in January of 1999; the amendment was not sought until November. But the delay cannot be dispositive, and for two reasons. First, the reason the plaintiffs delayed was to give the local a chance to sue the Club and its officers. A suit under section 501 by union members is a derivative suit. See, e.g., O'Hara v. Teamsters, 151 F.3d 1152, 1161 (9th Cir. 1998); Weaver v. United Mine Workers, 492 F.2d 580, 582 (D.C. Cir. 1973) (per curiam). The officers have defrauded the union, and only if the union (for example because controlled by the dishonest officers) refuses to bring suit are the members permitted to do so. So the plaintiffs had to give the union a chance to decide whether to sue (of course it decided not to). Second, the question whether to bar an amendment to the complaint because of undue delay is committed to the discretion of the district court, Foman v. Davis, 371 U.S. 178, 182 (1962); Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1430 (7th Cir. 1993); Clemmons v. Delo, 177 F.3d 680, 686 (8th Cir. 1999), and the court here did not exercise any discretion. It forbade the amendment on the sole ground that the claim sought to be added did not state a claim. If the judge was wrong in this legal ruling, the case must be returned to him for an exercise of his discretion.

We think he was wrong. Although section 501 is primarily aimed at preventing officers from misusing union funds, Tile, Etc., Int'l Union v. Local 25, 972 F.2d 738, 744 (7th Cir. 1992); Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 666 (7th Cir. 1992); Hood v. Journeymen Barbers, Etc., 454 F.2d 1347, 1354 (7th Cir. 1972); United States v. Hartsel, 199 F.3d 812, 819 (6th Cir. 1999); Morrissey v. Curran, 650 F.2d 1267, 1274 (2d Cir. 1981), it is not limited to that conduct. The language we quoted earlier forbids the officers to deal with the union as an adverse party, which the defendants are accused of having done here by taking money from employers in order to solidify their control of the union. The statute also forbids union officers to obtain a personal interest adverse to the union, which the defendants did here by operating the Unified Social Club with funds from employers, thus creating a conflict between their interest in reelection and their duty to deal with employers at arm's length. Such conduct violates section 501 too. United States v. Pecora, 798 F.2d 614, 623 (3d Cir. 1986); United States v. Cody, 722 F.2d 1052, 1057 (2d Cir.

1983); Johnson v. Nelson, 325 F.2d 646, 650-53 (8th Cir. 1963). It was therefore error for the district judge to disallow the amendment on the ground he did, and the case must be remanded to enable him to make the required discretionary judgment.

Affirmed in Part, Reversed in Part, and Remanded.