In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2249

Hispanics United of DuPage County, et al.,

Plaintiffs-Appellees,

v.

Village of Addison, Illinois,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 94 C 6075 & 95 C 3926--Ruben Castillo, Judge.

Argued September 18, 2000--Decided April 18, 2001

Before Easterbrook, Ripple, and Williams, Circuit
Judges.

Easterbrook, Circuit Judge.  Three years ago, in
order to settle litigation under the Fair Housing
Act, the Village of Addison agreed to
restrictions on its redevelopment of several
neighborhoods. One part of the ensuing consent
decree provides that, before it may undertake
redevelopment of the Michael Lane neighborhood,
"the Village must develop a new public park and
acquire a building for a community center in the
neighborhood." The decree obliges the Village to
acquire several identified properties to carry
out this plan.

Plaintiffs (a coalition of private parties plus
the United States) believe that redevelopment is
an all-or-none proposition--and in particular
that the Village may not remove any of the
identified properties from the rental market
until it has acquired all of them for purposes of
opening the park and community center. Addison,
by contrast, believes that it is entitled to
acquire and raze one property at a time, and that
its obligations concerning the park are deferred
until owners have agreed to sell it all the land
it needs. When the Village was on the verge of
purchasing and demolishing a subset of the
properties mentioned in the decree, plaintiffs
asked the district court to bring the plan to a

halt. On April 19, 1999, the district court entered this unrevealing order:

Plaintiff's [sic] emergency motion for temporary restraining order and for interpretation and enforcement of consent decree is granted to the extent allowed in open court.

If the district judge meant this as an interpretation of the existing consent decree (rather than as a new mandatory injunction), then it would have been preferable to use the language of interpretation rather than command (for the consent decree itself does the commanding). If instead this was meant as an independent judicial order, then it does not conform to Fed. R. Civ. P. 65(d), which provides that "every restraining order shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained". This order mentions no reasons, contains no details, and refers to an oral colloquy that by the time of the order's issuance had not been transcribed and therefore could not have fleshed out the court's directions. When asked by Addison's counsel for details--a reasonable request whether the district judge sought to issue a new order or only to interpret the existing one--the judge closed the proceedings with this comment: "You know, this status hearing is deteriorating. I've ruled. I will see you May 7th at 9:30 A.M. Thank you very much." To avoid trouble the Village stopped dead in its tracks.

After a second hearing the district court entered an order that is slightly more informative but still leaves much to the imagination:

Defendant's motion to modify the court's restraining order of 04/19/99 to permit the acquisition of properties known as 193 and 199 Michael Lane, Addison, Illinois is granted. Plaintiffs' motion for interpretation and/or modification of consent decree in response to the defendant's motion to modify the court's restraining order of 04/19/99 is granted to the extent stated in open court.

The first sentence seems favorable to the Village, which as the prevailing party cannot appeal. The second throws a monkey wrench into appellate jurisdiction. If the district judge just interpreted the consent decree--letting the parties know his sense of their entitlements but not changing their legal obligations--then there is nothing for the Village to appeal. See Gautreaux v. Chicago Housing Authority, 178 F.3d

951 (7th Cir. 1999); Bogard v. Wright, 159 F.3d 1060 (7th Cir. 1998). But if the district judge modified the injunction to impose new substantive obligations, then the order is appealable. 28 U.S.C. sec.1292(a)(1). And if this order is appealable, then it is also a violation of Rule 65(d). But if it is not appealable (because only an interpretation of the decree), then there is a procedural shortcoming--for district judges are free to provide parties with their thoughts informally, and they need not repeat on every interpretive occasion all of the formalities required when issuing injunctions.

Granting a "motion for interpretation and/or modification of consent decree" to some unspecified extent is Delphic. Did the judge interpret the decree (nonappealable), modify the decree (appealable), or do neither (that is, just afford the parties a window into his thinking)? The order suggests that something of legal significance has occurred (a motion has been granted, which differs from the judge giving the parties a piece of his mind) but does not say what. Rule 65(d) means that the parties need not guess their obligations at peril of contempt sanctions, and it also means that this court should not have to guess what the district court has done. See, e.g., Schmidt v. Lessard, 414 U.S. 473 (1974); International Longshoremen's Association v. Philadelphia Marine Trade Association, 389 U.S. 64, 74-76 (1967). Unfortunately, here the district judge has kept everyone guessing. Even when Rule 65(d) does not require detailed orders, they are helpful to both the parties and the appellate courts. The more complex the subject, the more useful a careful and compact statement of the ruling.

Although we cannot be certain, we think it best under the circumstances to conclude that the district judge has not modified or added to the decree--that the only judicial order is the one approving the Village's purchase of two identified parcels, and the Village cannot appeal from this order because it is not aggrieved by this grant of permission. Reading the district court's actions as having any other effect would create the clash with Rule 65(d) that we have already mentioned.

Sometimes it is so plain that the district judge meant to command something--but so unclear just what--that appellate judges must say that the order is appealable but in violation of Rule 65(d); and unless the content of the directive can be found in some other writing, the error leads to reversal. See Chathas v. Local 134 IBEW, 233 F.3d 508, 512-13 (7th Cir. 2000); Metzl v. Leininger, 57 F.3d 618 (7th Cir. 1995). But if

the district judge neither puts pen to paper nor identifies an authoritative document, nothing of legal significance has happened--for oral statements are not judgments and under Rule 65(d) have no legal effect, and until the judge enters something meeting the general description of an injunction or other judgment, the matter remains pending in the district court. See Bates v. Johnson, 901 F.2d 1424 (7th Cir. 1990); Bethune Plaza, Inc. v. Lumpkin, 863 F.2d 525 (7th Cir. 1988). A party can no more appeal from a district judge's ruminations about an existing (and unmodified) decree than it can seek certiorari from statements made at oral argument by appellate judges.

If the district judge had granted plaintiffs' motion outright, then we could look at that motion to see whether it sought modification, interpretation, or both. The motion's plea for relief would resolve the jurisdictional question. But the judge did not do this, and although he said that he was granting an unspecified part of the motion we think that the best reading of the context is that the judge meant only to inform the parties of his understanding about the existing decree's meaning. That spares the parties from any surprise legal obligations and the district court from any concern under Rule 65(d). There is accordingly no new order from which the Village can appeal--and, correspondingly, nothing the district judge said in open court alters the legal obligations imposed by the consent decree. The parties should take the district judge's oral statements as his view of the decree's meaning, but until this view leads to a concrete order there is nothing from which either side can appeal. If the Village believes that the judge's understanding is incorrect, it may make a motion to modify the decree to reflect its own understanding. If the judge denies that motion, the order will be appealable. 28 U.S.C. sec.1292(a)(1); Bogard, 159 F.3d at 1065.

The appeal is dismissed for want of jurisdiction.


RIPPLE, Circuit Judge, concurring.  The panel opinion correctly determines that the district court simply interpreted an existing consent decree; the district court did not issue a new mandatory injunction. Therefore, we are without jurisdiction to hear this appeal. I write separately because I believe that we ought to be somewhat more charitable about the district court's handling of the matter. Characterizing the district court's action as the interpretation of an existing consent decree is not, in my view,

a very close call. Nor do I believe that, in the context in which they were made, we can say that the district court's remarks were vague or misleading. The administration of a consent decree in a case such as this one is a very difficult task, and the district court conducted the hearing in a manner quite compatible with the delicate nature of these proceedings.