United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41096

_____

ROBERT and MARJORIE WARD, individually and as next friend of
MARIAN WARD, a minor

Plaintiffs-Appellants

versus

SANTA FE INDEPENDENT SCHOOL DISTRICT

Defendant-Appellee

_____

Appeal from the United States District Court for

the Southern District of Texas, Galveston Division

_____

Before DeMOSS, DENNIS and CLEMENT, Circuit Judges.

DENNIS, Circuit Judge:

This appeal concerns plaintiffs who sought and received an injunction and nominal damages in an action brought against a school district. Despite their status as prevailing parties, the plaintiffs appeal from the district court judgment in their favor alleging, among other things, that the district court improperly failed to rule on the merits of their constitutional claim. We conclude that the plaintiffs lack standing to appeal from the judgment in their favor and, also, that the claims for which they

1

have standing lack merit.  Accordingly, we affirm the judgment of the district court.

I.

In 1999, this court determined, in <u>Doe v. Santa Fe Independ. School Distr.</u>, 168 F.3d 806 (5th Cir. 1999), that a Santa Fe Independent School District ("School District") policy that invited and encouraged students to read religious messages from the stage at graduation ceremonies and over the public address system at football games violated the Establishment Clause of the First Amendment to the United States Constitution.  The School District filed a petition for certiorari in the United States Supreme Court.[1]  Pending a decision on the petition, the School District adopted a policy prohibiting students from including prayer or reference to a deity in pre-game messages.

Following the adoption of the new policy, plaintiff Marian Ward was selected as student speaker for the 1999 football season. School officials informed Marian of the speaker policy and cautioned her to follow it.  On September 2, 1999, before the first football game, Marian Ward's parents, Robert and Marjorie Ward, individually and as next friends of their daughter, brought an action alleging that the new policy violated Marian Ward's constitutional rights to

---

[1] The Supreme Court granted the petition on November 15, 1999; <u>Doe v. Santa Fe Independ. School Distr.</u> 528 U.S. 1002 (1999); and ultimately affirmed this court's decision.  <u>Santa Fe Indep. Sch. Dist. v. Doe</u>, 530 U.S. 290 (2000).

free speech and free exercise of religion as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. The plaintiffs[2] also alleged violations of the Establishment Clause of the First Amendment, certain provisions of the Texas state constitution and the Texas Religious Freedoms Restoration Act. The plaintiffs sought temporary and permanent injunctive relief, declaratory relief, nominal damages and attorneys' fees.

On September 3, 1999, the district court held a hearing on the plaintiffs' request for a temporary restraining order. At the hearing, the School Board stated that it agreed with the arguments presented by the plaintiffs and wanted to allow its students to deliver unrestricted messages over the public address system. The School Board, however, felt constrained by this court's decision in Doe, a decision the Board was seeking to reverse. The district court issued a temporary restraining order prohibiting the School Board from effectuating the policy or otherwise preventing Marian Ward from praying or invoking a deity over the public address system. Subsequently, the parties agreed to a preliminary injunction to the same effect. Thus, Marian Ward was allowed to deliver unrestricted messages at each 1999 home football game. After the 1999 football season ended, Marian Ward graduated, and she

---

[2] The district court dismissed Robert and Marian Ward as parties in their individual capacities, a decision that we affirm. Nevertheless, because Robert and Marian Ward remain in the case as next friends of their daughter, we refer to "plaintiffs" throughout this opinion rather than to the singular "plaintiff".

3

and her parents moved from the school district.

In July 2000, the School Board rescinded the enjoined speaker policy challenged by the plaintiffs and discontinued the practice of having student messages of any kind delivered at football games. On August 4, 2000, at an initial scheduling conference with the parties, the district court pronounced the plaintiffs' case moot and denied motions to amend the complaint to add a plea for actual damages and to add additional parties. The plaintiffs' filed a motion for reconsideration and a motion for a new trial. The district court issued a Memorandum and Order on March 23, 2001 upholding its prior rulings denying the motions, and dismissing Ward's parents as parties.

The plaintiffs appealed. A different panel of this court decided that Marian Ward's claims were moot. See Ward v. Santa Fe Independent School District, No. 01-40634 (March 14, 2002). That panel further concluded that the district court properly dismissed the claims of Ward's parents because, regardless of their standing, their individual claims were also mooted by the School Board's recision of the policy. Finally, the panel concluded that the district court correctly denied the plaintiffs' request for leave to amend the pleadings to include a claim for actual damages because: (1) there had been undue delay in filing the request, and (2) the complaint, as amended, failed to state a claim for actual damages.

4

The plaintiffs filed a petition for rehearing before the appellate panel arguing that the case was not moot because they sought the recovery of nominal damages. On rehearing, the panel agreed that there remained a cognizable claim for nominal damages, again affirmed the district court's ruling denying leave to amend the complaint and remanded the case to the district court without reaching the issue of whether Ward's parents were properly dismissed as parties. See Ward v. Santa Fe Independent School District, No. 01-40634 (April 9, 2002).

Following the remand, the district court ordered counsel for the parties to file, within two weeks, an agreed final judgment awarding nominal damages. Alternatively, if the parties could not agree upon the form of the final judgment and the amount of nominal damages, the court ordered, counsel must file instead, within two weeks, a memorandum of law, of five pages or less, stating their positions and attaching a proposed final judgment. The plaintiffs responded by filing a motion to reconvene the initial scheduling conference, to schedule discovery and other pre-trial matters, and to proceed to a trial on the merits. The plaintiffs also sought reconsideration of the individual standing of Robert and Marjorie Ward. Thereafter, the plaintiffs filed a thirty-four page proposed final judgment. In a memorandum of law filed with the proposed final judgment, the plaintiffs urged the court to proceed with discovery and stated their intent to file another motion to amend the complaint to allege actual damages.

5

The defendant filed a response to the court's order offering to pay one dollar in nominal damages as well as reasonable attorney's fees. Subsequently, the defendant made a Rule 68 offer of judgment, offering to pay the plaintiffs thirty-six dollars in nominal damages, with each plaintiff receiving one-third, and reasonable attorney's fees in an amount to be decided by the court. The plaintiffs did not accept the offer.

The district court denied the plaintiffs' motions. The plaintiffs filed further motions including two to amend the pleadings, a motion to compel the defendant to provide Rule 26 disclosures and a request for findings of fact and conclusions of law to be included in the final judgment. On May 1, 2003, the district court issued a Memorandum and Order denying all of the plaintiffs' motions and rendering judgment awarding plaintiff Marian Ward one dollar in nominal damages and $52,397.34 in attorneys' fees and costs. The Memorandum and Order of the district court included an excerpt from its September 3, 1999 oral ruling on the plaintiffs' request for a temporary restraining order stating: "Because the court found that the [School District] had violated Marian Ward's First Amendment rights, Marian Ward is entitled to an award of nominal damages." The district court specifically declined to issue findings of fact and conclusions of law and no other discussion of the merits of the plaintiffs constitutional claims appears in the Memorandum and Order.

On appeal, the plaintiffs argue that the district court

erroneously:(1) failed to address the merits of the plaintiffs' constitutional claims and failed to issue findings of fact and conclusions of law; (2) denied the plaintiffs' motions for a scheduling order, disclosures and discovery; (3) denied the plaintiffs' motion for leave to amend the complaint to include a claim for actual damages; (4) dismissed Robert and Marjorie Ward as parties without notice or opportunity for discovery; (5) failed to address or to allow trial or judgment on the plaintiffs' pendent state claim; and (6) miscalculated attorney's fees. We affirm the judgment of the district court.

## II.

The plaintiffs present two arguments regarding the substance of the district court's decision: (1) the district court erroneously entered judgment without making findings of fact and conclusions of law, and (2) the district court erroneously concluded that the defendant's offer to pay nominal damages prevented a ruling on the merits. We sua sponte conclude that the plaintiffs lack standing to appeal the judgment in their favor. See S.E.C. v. Forex Asset Management LLC, 242 F.3d 325, 328 (5th Cir. 2001)(this court may consider standing to appeal sua sponte.)

It is a central tenet of appellate jurisdiction that a party who is not aggrieved by a judgment of the district court has no standing to appeal it. Matter of Sims, 994 F.2d 210, 214 (5th Cir. 1993) ("It is more than well-settled that a party cannot appeal from

7

a judgment unless 'aggrieved' by it.") Thus, a prevailing party generally may not appeal a judgment in its favor. Lindheimer v. Illinois Bell Tel. Co., 292 U.S. 151, 176 (1934) ("The Company was successful in the District Court and has no right of appeal from the decree in its favor"); See also In re DES Litig., 7 F.3d 20, 23 (2d Cir. N.Y. 1993)("Ordinarily, a prevailing party cannot appeal from a district court judgment in its favor"); Armotek Indus., Inc. v. Employers Ins., 952 F.2d 756, 759 n. 3 (3d Cir. 1991) (dismissing defendant's appeal because defendant was not aggrieved by the district court's judgment in its favor); Cochran v. M. & M. Transp. Co., 110 F.2d 519, 522 (1st Cir. 1940)(concluding that it is "well settled" that a plaintiff cannot appeal from a judgment that grants him the full relief requested.) Rather, a prevailing party has standing to appeal only if it can demonstrate an adverse effect resulting from the judgment in its favor. See e.g. Aetna Cas. & Sur. Co. v. Cunningham, 224 F.2d 478, 480-81 (5th Cir. 1955)(prevailing party had standing to appeal where grounds for district court judgment rendered it dischargeable in bankruptcy); In re DES Litig., supra, 7 F.3d at 23 (a prevailing party may appeal if aggrieved by the collateral estoppel effects of the district court's opinion.)

In the present case, the plaintiffs received all of the relief they requested and cannot demonstrate any adverse effect resulting from the judgment. Thus, the plaintiffs lack standing to appeal insofar as their claims concern the district court's award of

nominal damages.

The plaintiffs complain that the district court did not render an opinion on the issues they raised. Federal appellate courts review judgments, however, not opinions. See California v. Rooney, 483 U.S. 307, 311 (1987) (refusing to review pronouncement that search of trash was unconstitutional, where state, which sought to appeal, had won judgment that its search warrant nonetheless was valid); Texas v. Hopwood, 518 U.S. 1033 (1996) (Ginsburg, J., concurring in denial of certiorari) (explaining denial of petition for writ of certiorari by noting that petitioner did not challenge lower court's *judgment* that university admissions procedure was unconstitutional; petition challenged only rationale relied on by court of appeals); See also Chathas v. Local 134 IBEW, 233 F.3d 508, 512 (7th Cir. 2000) (stating that "[j]udgments are appealable; opinions are not"); In re O'Brien, 184 F.3d 140, 142 (2d Cir. 1999) (holding that disagreement with reasons for a judgment in the party's favor is insufficient to confer standing to appeal); United States v. Accra Pac, Inc., 173 F.3d 630, 632 (7th Cir. 1999) (observing that "one who seeks an alteration in the language of the opinion but not the judgment may not appeal"). Thus, because the plaintiffs are not seeking a modification of the judgment but only a modification of the opinion, they have no standing to appeal.

Although the plaintiffs do not specifically brief the matter of their standing to appeal, their argument suggests that they are

9

aggrieved by the district court's judgment because they have not received all of the relief they requested. See Forney v. Apfel, 524 U.S. 266, 271 (1998)(general rule that prevailing party lacks standing to appeal is inapplicable where judgment grants only partial relief.) According to the plaintiffs, "the nominal damages construct is a fictional vehicle created by the Supreme Court to allow the merits to be reached so that constitutional issues can be decided."[3]  Thus, they implicitly argue,  plaintiffs who so plead necessarily are aggrieved by a judgment in their favor if it does not articulate the court's reasons and conclusions with respect to the constitutional issues raised.  The cases on which the plaintiffs rely, however, do not support the position they argue and we are unable to find any authority for it either.[4]

As the Seventh Circuit stated in Chathas v. Local 134 IBEW, 233 F.3d 508, 512 (7th Cir. 2000), "[a] winning party cannot appeal merely because the court that gave him his victory did not say things that he would have liked to hear, such as that his opponent is a lawbreaker."  The court noted that a defendant is always free

---

[3]  Blue Br. at 41.

[4] At oral argument, the plaintiffs cited Buckhannon Board and Care Home v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598 (2001) in support of their alleged aggrievement by the final judgment in their favor.  Buckhannon is inapposite, however, because it concerns whether a party is a "prevailing party" entitled to attorney's fees under 42 U.S.C. § 1988, not whether a party has standing to appeal.  There is no dispute in the present case that the plaintiffs are prevailing parties under § 1988.

to default and have judgment entered against him. Id. In such a case, the court would not review the merits of the plaintiff's claims and declare the defendant's actions illegal because such a ruling would be merely advisory. Id. The ruling that the plaintiffs seek on appeal would similarly have no affect on the rights of the parties. We cannot render such an advisory opinion, nor can we direct the district court to do so. John Doe #1 v. Veneman, 380 F.3d 807, 814 (5th Cir. 2004)(federal courts do not have the power to render advisory opinions nor to decide questions that cannot affect the rights of the litigants.)

The plaintiffs' brief further suggests that, without an express ruling on the constitutionality of the speaker policy, Marian Ward's constitutional rights have not been vindicated. In a similar vein, the plaintiffs suggest that the Civil Rights Acts would be rendered ineffective if a person could not appeal from the rationale of a judgment in his favor. According to the plaintiffs, pursuant to such a holding, "school districts could have won the battle against integration by purchasing the constitutional deprivations [one dollar] at a time."[5] Of course, the plaintiffs neglect to note that an award of nominal damages satisfies only a claim for nominal damages. Such a judgment would not satisfy meritorious claims for injunctive, compensatory or other relief. The plaintiffs further neglect to note that as a result of their litigation they received,

---

[5] Blue Br. at 46.

11

in addition to nominal damages, a temporary restraining order, a preliminary injunction, a rescission of the speaker policy, attorney's fees and a judgment in their favor. Although, arguably, the district court's decision does not specifically state how the plaintiffs' constitutional rights were violated, Marian Ward exercised her constitutional rights and won her case. Thus, by any standard, her rights have been thoroughly vindicated. Concluding that the plaintiffs are not aggrieved by a failure of the district court to state the reasons for its entry of judgment in their favor does not weaken civil rights jurisprudence.

## III.

The plaintiffs make several claims relating to discovery and other procedural rulings and orders. This court will reverse a district court's discovery or procedural ruling if the appellant demonstrates both that the district court abused its discretion and that the appellant was prejudiced by the ruling. See <u>HC Gun & Knife Shows, Inc. v. City of Houston</u>, 201 F.3d 544, 549 (5th Cir. 2000) citing <u>Hastings v. North East Indep. School Dist</u>., 615 F.2d 628, 631 (5th Cir. 1980). As the plaintiffs received all the relief they requested in their complaint, they cannot establish that they suffered any prejudice as a result of the district court's rulings. In other words, assuming, arguendo, that the district court abused its discretion in any of the challenged rulings or orders, the plaintiffs were not prejudiced because they prevailed in spite of the erroneous rulings.

12

IV.

The plaintiffs also contend that the district court improperly denied leave to amend the complaint to add a claim for actual damages. In the plaintiffs' previous appeal in this case, a different panel of this court affirmed the district court's denial of leave to amend due to undue delay and because the complaint, as amended, did not state a claim. After the case was remanded, the plaintiffs again moved for leave to amend and the district court again denied their motion.

In the present appeal, the plaintiffs argue, inter alia, that the district court erred in finding that their delay in seeking leave was unreasonable. Because this court has already affirmed that particular finding by the district court, we will not revisit the matter. "Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined . . . by the appellate court on a subsequent appeal. United States v. Matthews, 312 F.3d 652, 657 (5th Cir.2002) (quoting Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir.2002)).

V.

The plaintiffs further contend that the district court improperly dismissed Marjorie and Robert Ward ("the Wards") as parties without warning and without discovery. According to the plaintiffs, the district court dismissed the Wards for a failure to develop facts supporting standing while simultaneously denying the

13

plaintiffs the opportunity to do so. We are not persuaded.

Article III of the United States Constitution requires that a litigant have standing to invoke the power of a federal court. "To demonstrate standing, the plaintiff must show an injury in fact, a requirement assuring that the court will not pass upon ... abstract, intellectual problems, but will adjudicate concrete, living contest[s] between adversaries. The injury alleged must be actual or imminent and not abstract, conjectural, or hypothetical." Doe v. Beaumont Independent School Dist., 240 F.3d 462, 466 (5th Cir. 2001) quoting Federal Election Comm'n v. Akins, 524 U.S. 11, 20(1998) (internal quotations omitted). Furthermore, "[t]o have standing, a plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." (emphasis added) National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 815 (2003) quoting Allen v. Wright, 468 U.S. 737, 751 (1984). Finally, the United States Supreme Court has developed prudential limitations on standing, including a requirement that a litigant generally must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties. Warth v. Seldin, 422 U.S. 490, 499 (1975).

The Wards complain on appeal only of the lack of notice and opportunity for discovery preceding the district court's dismissal of the suit they filed in their own behalf. The Wards, however,

14

never alleged to have suffered any injury as individuals resulting from an infringement on their own legal rights and interests. Thus, although the Wards had standing to sue as next friends of Marian Ward, they do not have standing *individually* because they failed to assert an injurious deprivation of their own legal rights or interests. Except for the Establishment Clause claim, the complaint only asserts the legal rights and interests of Marian Ward. As Marian Ward was a party to the action, through the Wards as next friends, the Wards did not have standing to *also* pursue her legal rights individually.

The only legal right or interest of the Wards even vaguely asserted in the complaint is their right, as taxpayers, to make certain that public entities do not use tax revenue to support unconstitutional acts. Such a claim must, however, be "a good-faith pocketbook action." Doremus v. Board of Educ. of Hawthorne, 342 U.S. 429, 434 (1952). "In order to establish state or municipal taxpayer standing to challenge an Establishment Clause violation, a plaintiff must not only show that he pays taxes to the relevant entity, he must also show that tax revenues are expended on the disputed practice." Doe v. Duncanville Indep. Sch. Dist., 70 F.3d 402, 408 (5th Cir. 1995) The complaint in the present case does not allege that any tax revenue was expended on the 1999 speaker policy.[6]

---

[6] The plaintiffs argued, in a motion to vacate the judgment and for a new trial filed after the district court's dismissal of the Wards as parties, that tax revenue was expended on the disputed policy. The plaintiffs provided the following examples

Thus, the complaint does not allege facts supporting the Wards' standing as taxpayers. See Doremus, 342 U.S. at 433 (dismissing appeal for lack of jurisdiction because the plaintiffs' complaint did not allege that the challenged activity was "supported by any separate tax or paid for from any particular appropriation or that it adds any sum whatever to the cost of conducting the school.")

Because the Wards failed to allege facts sufficient to support their standing, the district court did not abuse its discretion by dismissing them as parties without first permitting them to conduct discovery. "The rules of standing, whether as aspects of the [Article] III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Bender v. Williamsport Area School Dist., 475 U.S. 534, 546 n.8 (1986). In other words, the burden is on the plaintiff to allege facts sufficient to support standing. See Warth v.

_____

of such expenditures: (1) payment by the defendant to its attorneys to draft the guidelines; (2) payment by the defendant to its attorneys to send a letter to the plaintiffs' attorney discussing the guidelines; (3) long distance toll charges spent faxing the guidelines to the plaintiffs' attorney; and (4) the cost of the paper on which the guidelines were printed and the cost of the staff time involved. The plaintiffs, however, never filed a complaint containing these or any other allegations regarding tax revenue expenditures on the disputed policy.

16

Seldin, supra, 422 U.S. at 501-02.  Thus, because the Wards did not clearly allege facts sufficient to support standing, the district court did not err by dismissing them as parties at the pleading stage.  See Public Citizen, Inc. v. Bomer, 274 F.3d 212, 217 (5th Cir. 2001)(dismissal for lack of standing appropriate at pleading stage when plaintiff fails to set forth specific facts demonstrating personal injury.)  Moreover, if a plaintiff fails to allege sufficient facts to support standing, it is not an abuse of discretion to deny discovery.  See United Presbyterian Church v. Reagan, 738 F.2d 1375, 1383 (D.C. Cir. 1984.)

Finally, the Wards' argument that their suit was dismissed without warning is not meritorious.  The defendant raised their lack of individual standing as a defense in its September 22, 1999 answer to the plaintiffs' complaint.  The plaintiffs, however, did not seek leave to amend the complaint to allege specific personal injury suffered by the Wards due to a violation of their constitutional rights.  Thus, there is no indication that the Wards were surprised or prejudiced in their advocacy by the court's ruling based on their lack of standing.  For these reasons, we disagree with the plaintiffs' contentions.

VI.

The plaintiffs next argue that their complaint contains a claim for monetary damages under the Texas Religious Freedoms Restoration Act and that the trial court improperly failed to address this

17

claim. The district court did not separately rule on the plaintiffs' state claims when it dismissed the plaintiffs' case prior to the first appeal. The plaintiffs, however, failed to brief the state claim in their initial appeal to this court.[7] We have held that a party cannot raise an issue on appeal that could have been raised in an earlier appeal in the same case. See Brooks v. United States, 757 F.2d 734, 739 (5th Cir. 1985). This rule "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." United States v. Castillo, 179 F.3d 321, 326 (5th Cir. 1999) (quoting Hartman v. Duffey, 88 F.3d 1232, 1236 (D.C. Cir. 1996)). Thus, because the district court failed to rule separately on the pendent state claims when it dismissed the case before the first appeal, and the plaintiffs did not argue in their initial appeal that the state claims were distinct from their federal claims, the plaintiffs cannot raise the issue in their second appeal.

---

[7] The plaintiffs' brief in their previous appeal mentions the state claims only twice: once in the fact section, and once in the conclusion to a section entitled: "The plea for nominal damages kept the case from being moot." At the end of the nominal damages argument, the plaintiffs state that "the Court should remand both the claims for damages under § 1983 and also the state law claims for damages under the Texas Constitution and the Texas Religious Freedom Restoration Act." Plaintiffs Brief at 23, Ward v. Santa Fe Indep. School Dist., No. 01-40634. The plaintiffs, however, did not provide any argument or analysis concerning the state claims. Thus, these claims were waived by the plaintiffs during the previous appeal in this case.

VII.

The plaintiffs' remaining claims concern the district court's fee and expense analysis. The plaintiffs filed a fee application after the remand requesting $319,952.07 in attorneys' fees and costs. The district court awarded $52,396. We affirm the district court's fee award for essentially the reasons given by the district court.

For these reasons, the district court judgment is AFFIRMED.