**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted January 11, 2008
Decided January 11, 2008

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

**No**. 06-3924

FEDERAL TRADE COMMISSION,
    *Plaintiff-Appellee*,

**v.**

ICR SERVICES, INCORPORATED, a Michigan
Corporation, *et al.*,
    *Defendants-Appellants*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 03 C 5532
Wayne R. Andersen, *Judge*.

**Order**

In 2003 a district court entered a consent order that had been negotiated between the Federal Trade Commission and ICR Services. The order required ICR to pay $1,150,000 to the FTC, which would use the money to compensate consumers who had been injured by ICR's false or deceptive statements. The first installment of $350,000 was to be paid within a week; the remainder was due by the end of 2003 but could be reduced by sums that ICR paid in a class-action litigation pending in Alabama.

The second installment was not paid in 2003. By 2005 the amount due had been reduced to $505,943.21 as a result of payments in the class action. ICR

maintained that it was entitled to a further credit of $499,000. The FTC disagreed and filed a "Motion to Clarify" asking the district judge to resolve the dispute. The judge sided with the FTC, and ICR has filed an appeal--which the FTC asks us to dismiss, on the ground that the judge's opinion is not a "final decision" as 28 U.S.C. §1291 uses that phrase. ICR has elected not to respond to that argument.

The order entered in 2003 was a final decision. Nothing that has happened since is a new "final decision." The district judge has filed an opinion stating his understanding of ICR's obligations under the 2003 judgment, but he has not entered any additional *relief* from which ICR could appeal. This court has held repeatedly that a district judge's interpretation of the parties' obligations under a judgment is not itself appealable. See, e.g., *Hispanics United of DuPage County v. Addison*, 248 F.3d 617 (7th Cir. 2001); *Gautreaux v. Chicago Housing Authority*, 178 F.3d 951 (7th Cir. 1999); *Bogard v. Wright*, 159 F.3d 1060 (7th Cir. 1998); *Motorola, Inc. v. Computer Displays International, Inc.*, 739 F.2d 1149, 1155 (7th Cir. 1984). The judgment entered in 2003 has not been modified--or for that matter enforced. There is nothing from which ICR can appeal.

An attempt by the FTC to collect the judgment by levy on ICR's assets might produce an appealable order, because post-judgment collection proceedings are treated as if they were separate litigation. See *ACORN v. Illinois State Board of Elections*, 75 F.3d 304 (7th Cir. 1996). As far as we can see, however, the FTC has not even tried to collect this judgment through supplemental proceedings.

The appeal is dismissed for want of jurisdiction.