IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-51020
Summary Calendar

ALFRED E. EHM

Plaintiff-Appellant

v.

SAN ANTONIO CITY COUNCIL

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
No. 5:07-CV-365

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Alfred E. Ehm, proceeding pro se, appeals the district court's dismissal
without prejudice of his pro se civil rights action for lack of standing. We
AFFIRM.

Ehm, a taxpaying resident of San Antonio, Texas ("City"), alleges that the
San Antonio City Council ("City Council") violated the Equal Protection Clause
of the United States Constitution and various provisions of the Texas
Constitution. He contends that the City Council acted unconstitutionally by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

enacting an ordinance on January 5, 2006, that approved an amended agreement for services in lieu of annexation between the City and Lumberman's Investment Corporation ("Lumberman's"). The City agreed not to annex almost 3,000 acres of land that Lumberman's owned and intended to develop into a master-planned community with golf courses and hotels. In return, Lumberman's agreed to impose certain wage standards on the planned hotels and golf courses. Ehm alleges that "the non-annexation agreement prevents the City from collecting any sort of municipal tax" on Lumberman's land. He claims that this forfeiture of municipal taxes violates both the federal and Texas constitutions because, inter alia, it reduces the City's potential tax revenue. The district court concluded that Ehm lacked standing to bring his claim; thus, the court lacked subject matter jurisdiction.

Standing is a jurisdictional question, and thus a question of law that is reviewed de novo by this court. See James v. City of Dallas, 254 F.3d 551, 562 (5th Cir. 2001). "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). Ehm argues that he has standing as a municipal taxpayer to challenge the City Council's ordinance. The Supreme Court has generally denied federal and state taxpayers standing under Article III to object to particular expenditures of federal or state funds simply because they are taxpayers. See DaimlerChrysler Corp. v. Cuno, 126 S. Ct. 1854, 1862-64 (2006). But the Court has "noted with approval the standing of municipal residents to enjoin the 'illegal use of the moneys of a municipal corporation,' relying on 'the peculiar relation of the corporate taxpayer to the corporation' to distinguish such a case from the general bar on taxpayer suits." Id. at 1865 (quoting Frothingham v. Mellon, 262 U.S. 447, 486-87 (1923)); see also ASARCO Inc. v. Kadish, 490 U.S. 605, 613-14 (1989) (opinion of Kennedy, J.) (recognizing distinction between federal and state taxpayer

standing and municipal taxpayer standing).

To establish standing under Article III, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984) (discussing the injury, causation, and redressability requirements of standing). A plaintiff meets the "injury" requirement of municipal taxpayer standing if he shows that "he pays taxes to the relevant entity" and "tax revenues are expended on the disputed practice." See Doe v. Duncanville Independent School Dist., 70 F.3d 402, 408 (5th Cir. 1995) (municipal taxpayers lack standing to challenge school district's policy of permitting private group to distribute Bibles to students when there is no evidence that district expended any funds on distribution); Cammack v. Waihee, 932 F.2d 765, 770 (9th Cir. 1991) ("[M]unicipal taxpayer standing is only available when there is an expenditure of municipal funds alleged.").[1] Other circuits have indicated that municipal taxpayer standing may also be available when there is a potential loss of public revenue from municipal dispositions of government property.[2] Ehm has failed to allege either an unlawful expenditure of municipal funds or a potential

---

[1] See also Ward v. Santa Fe Independent School Dist., 393 F.3d 599, 606 (5th Cir. 2004) (municipal taxpayers lack standing to challenge school district's policy of prohibiting students from including prayer in pre-football game messages because they do not allege that tax revenue is expended on policy); Cammack, 932 F.2d at 770 (municipal taxpayer has standing to challenge city's expenditure of public funds on Good Friday holiday); United States v. City of New York, 972 F.2d 464, 471 (2d Cir. 1992) (municipal taxpayer has standing to challenge New York City's expenditure of funds on sludge removal contracts); District of Columbia Common Cause v. District of Columbia, 858 F.2d 1, 8-9 (D.C. Cir. 1988) (municipal taxpayers have standing to challenge District of Columbia's expenditure of public funds to oppose citizens' initiative).

[2] See Hawley v. City of Cleveland, 773 F.2d 736, 740-42 (7th Cir. 1985) (municipal taxpayers have standing if they can demonstrate that rental of city property to religious group for less than market value will result in loss of public revenue); see also Barnes-Wallace v. City of San Diego, 471 F.3d 1038, 1046 (9th Cir. 2006) (municipal taxpayers do not have standing to challenge city's leasing of public park land to Boy Scouts for $1 per year or less because, inter alia, "[t]here is no evidence that, if the leases were invalidated, the City would use the land to generate revenue").

loss of revenue from the disposition of government property. Therefore, he lacks standing as a municipal taxpayer.

The judgment of the district court is AFFIRMED.