# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2011

No. 10-40897
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of:  LEO ROGERS DUGAS; VALERIE DARLENE DUGAS,

>  Debtors

LEO ROGERS DUGAS; VALERIE DARLENE DUGAS,

>  Appellants

v.

CLARON CORPORATION,

>  Appellee

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-990

---

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Debtors, Leo Roger Dugas and Valerie Darlene Dugas (collectively the Dugases), appeal from the judgment of the district court, affirming the bankruptcy court's decision that the Claron Corporation (Claron) willfully

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40897

violated the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, and awarding the Dugases actual damages. The Dugases appealed. We DISMISS.

## I.

In 1994, the Dugases filed a Chapter 13 bankruptcy action in the Bankruptcy Court for the Eastern District of Texas.[1] In their bankruptcy schedules, the Dugases claimed an interest in certain funds that were the subject of a separate interpleader action, *Howell Crude Oil Co. v. JSB Petroleum Inc.*, No. 611, 156 (Co. Ct. at Law No. 1, Harris County, Tex. Dec. 3, 1992) (hereinafter the Howell Action). Claron, also a party to the Howell Action, filed a notice of appearance in the Dugases' Chapter 13 case.

At or about the same time, Claron learned that certain funds related to the Howell Action (hereinafter the funds) were deposited in the registry of the County Civil Court at Law No. 1 of Harris County, Texas (hereinafter the state court). Claron filed a motion for release of the funds, which the state court granted. The Dugases learned of the transfer and filed a motion to disgorge, seeking an order from the bankruptcy court directing Claron to return the funds to the state court registry. Following a hearing, the bankruptcy court denied the motion, finding that the Dugases "totally failed to produce any evidence" that they were entitled to relief. The district court affirmed. Thereafter, the Dugases appealed the district court's judgment.

On appeal, this court reversed the bankruptcy and district courts' judgments and remanded the case for reconsideration of the motion. *See In re Dugas*, No. 98-40079, 1999 WL 152967, at *5 (5th Cir. Mar. 3, 1999). We construed the Dugases' disgorgement motion as an action to enforce the

---

[1] This case has a long and complicated history that we do not discuss here. The facts are described in more detail in the bankruptcy court's memorandum of decision. *See In re Dugas*, No. 94-10027, 2009 WL 3297958 (Bankr. E.D. Tex. Oct. 13, 2009 ).

automatic stay provisions of § 362.[2]  *Id.* at *4.  We explained that "the issue was whether the stay was violated when the Harris County court . . . released funds to Claron."  *Id.* at *5.  We held that, although the Dugases may not have presented sufficient evidence to prevail in their action, it was error for the bankruptcy court to summarily conclude that they failed to produce any evidence. *Id.* at *4.

On remand, the bankruptcy court reset the motion for a hearing, but Claron failed to appear.  Subsequently, in light of the uncontested evidence presented by the Dugases, the bankruptcy court found that Claron violated the automatic stay.  Claron was also ordered to pay $1,020 in actual damages and $30,000 in punitive damages and to return the funds to the state court registry. After learning of the decision, Claron filed a notice of appeal with the district court, followed by a motion for relief from judgment pursuant to Federal Rule of Bankruptcy Procedure 9024.   While Claron's appeal was pending, the bankruptcy court conducted a hearing on the Rule 9024 motion. During the hearing, Mr. Dugas admitted under examination that neither he nor Mrs. Dugas had any legitimate claim of ownership in the funds. On October 24, 2001, pursuant to the procedure described in *Winchester v. United States Attorney*, 68

---

[2] Section 362 explains in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
> . . .
>
> > (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

No. 10-40897

F.3d 947, 949 (5th Cir. 1995),[3] the bankruptcy judge issued a notice of intent to grant Claron's Rule 9024 motion upon remand or other disposition by the district court. Claron then filed a motion to remand the appeal, which the district court granted, treating the remand motion as a voluntary dismissal. As the dismissal returned jurisdiction over the case back to the bankruptcy court, it entered an order granting Claron's Rule 9024 motion and vacating its previous order.

The bankruptcy court reset the Dugases' disgorgement motion for another hearing. Subsequently, it held that, although the Dugases failed to prove that they had a right to the funds, Claron's unilateral acts to remove the funds violated the automatic stay. The judge awarded the Dugases $1,020 in actual damages, as well as post-judgment interest. The district court affirmed. The Dugases appealed. On appeal, the Dugases present their arguments *pro se*. Claron has not filed a response to their appeal.

## II.

"[A] party who is not aggrieved by a judgment of the district court has no standing to appeal it." *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004). Therefore, as a general rule, a prevailing party may not appeal a judgment in its favor. *Id.* "Rather, a prevailing party has standing to appeal only if it can demonstrate an adverse effect resulting from the judgment in its favor." *Id.* Because the district court found in the Dugases' favor, they must establish that the district court's judgment had an adverse effect on them. They have not made this showing.

---

[3] In *Winchester*, we addressed how to treat a Rule 60(b) motion for relief from a judgment filed while that judgment is on appeal. 68 F.3d at 949. In the bankruptcy context, a notice of appeal divests the bankruptcy court of jurisdiction except to take action in aid of the appeal to the district court until the case is remanded by the district court or to correct clerical errors under a Rule 9024 motion for relief from judgment. *See id.* The bankruptcy court still has the authority to consider and deny the Rule 9024 motion filed after a notice of appeal, because the denial of the Rule 9024 motion is in furtherance of the appeal. However, a bankruptcy court may not grant a Rule 9024 motion filed after a notice of appeal without leave from the district court. *Id.*

No. 10-40897

The closest the Dugases come to challenging the district court's judgment is their argument that the district court erred in letting Claron keep the funds because they have an interest in the funds.  However, this argument does not meet Rule 28's requirements and does not explain why they have been aggrieved by the district court's judgment.  Specifically, we directed that the district court, on remand, reach the merits of the Dugases' disgorgement motion, which we construed as an action to enforce the automatic stay provisions of § 362. *Dugas*, 1999 WL 152967, at *5.  On remand, the Dugases requested actual and punitive damages and asked the court to return the funds to the state court registry, because they claimed that they were entitled to the funds.

Accordingly, the district court first held that Claron willfully violated the stay because: "Claron could have obtained relief from the automatic stay but chose instead to circumvent the court and unilaterally seek release of the funds." Next, the district court examined whether the Dugases were entitled to actual and punitive damages.  The district court held that the Dugases provided evidence that they were entitled to actual damages reflecting the cost of prosecuting the motion. However, the district court explained, the Dugases were not entitled to punitive damages and the funds would not be returned to the registry because the Dugases did not prove that they were entitled to the funds. The district court noted that the only evidence the Dugases presented showing that they had any interest in the funds was: (1) their bankruptcy schedules, which reference the funds as an "account receivable," and (2) Mr. Dugas's testimony that Jeff Buescher, president of JSB, verbally assigned him an interest in the funds.  On appeal, the Dugases fail to adequately challenge the district court's factual determination.  They merely state that they are entitled to the funds because the funds are listed in their bankruptcy schedules.  Other than this conclusory statement, they do not point to any relevant case law or make any other arguments to support their contention.

5

No. 10-40897

In sum, the Dugases have not established that they have standing to appeal, as they have not shown that they were aggrieved by the district court's judgment in their favor.

## III.

Accordingly, we DISMISS this appeal for lack of jurisdiction, as the Dugases do not have standing.