# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50097

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2018

Lyle W. Cayce
Clerk

NAUTILUS, INCORPORATED,

Plaintiff - Appellee Cross-Appellant

v.

ICON HEALTH & FITNESS, INCORPORATED,

Defendant - Appellant Cross-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-80

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

After ICON Health & Fitness, Inc. ("ICON") filed a Notice of Appeal in the instant matter seeking review of the district court's grant of summary judgment in favor of Nautilus, Inc. ("Nautilus") on Nautilus' claim for payments under a patent licensing agreement, Nautilus also filed a Notice of Appeal. In its Notice, Nautilus states that it appeals the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50097

Memorandum Opinion and Order granting the Plaintiff's (Nautilus') Motion for Summary Judgment, denying the Defendant's (ICON's) Motion for Summary Judgment, and denying as moot all other motions, as well as the judgment entered by the district court in its favor, but "only to the extent the [c]ourt determined that it must conduct an infringement analysis under Chinese Patent Law to determine whether ICON must pay royalties on the products at issue pursuant to the parties' contract." ICON now moves this court to dismiss Nautilus' cross-appeal. Nautilus has not filed an opposition to ICON's motion since, according to ICON, "Nautilus' counsel . . . approved the statement of its position" set forth by ICON in such motion.

Upon review of the pertinent district court entries and the applicable law, and considering Nautilus' lack of opposition, this Court finds that ICON's Motion to Dismiss Cross-Appeal has merit. As this Court has previously recognized, "[a]ppellate courts review judgments, not opinions." *Cooper Indus., Ltd. v. Nat'l Union Fire Co. of Pittsburgh, PA*, 876 F.3d 119, 126 (5th Cir. 2017) (citing *Jennings v. Stephens*, — U.S. —, 135 S.Ct. 793, 799, 190 L.Ed.2d 662 (2015)). Only an "aggrieved" party may appeal a judgment. *Cooper Indus., Ltd.*, 876 F.3d at 126 (internal quotations and citations omitted); *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333-34, (1980). A cross-appeal is an appropriate vehicle for a prevailing party to seek modification of a judgment. *Cooper Indus., Ltd.*, 876 F.3d at 126 (citing *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 604 (5th Cir. 2004)). However, a cross-appeal is generally "not proper to challenge a subsidiary finding or conclusion when the ultimate judgment is favorable to the party cross-appealing." *Cooper Indus., Ltd.*, 876 F.3d at 126 (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. W. Lake Acad.*, 548 F.3d 8, 23 (1st Cir. 2008)) (internal quotations omitted).

On appeal, Nautilus does not take issue with or advance that it has been "aggrieved" by anything in the district court's judgment or amended final

judgment, which cumulatively entered judgment in Nautilus' favor and ordered ICON to pay Nautilus specified amounts of damages and post-judgment interest, as well as reasonable costs and attorney's fees to later be determined. Rather, Nautilus opposes the portion of the district court's reasoning in its Memorandum Opinion in which it concluded that its analysis of whether Nautilus was due any royalties under the patent licensing agreement at issue had to be conducted under Chinese Patent Law. This court finds that Nautilus' cross-appeal is improper since Nautilus seeks to challenge in it only a "subsidiary finding or conclusion." *See Cooper Indus., Ltd.*, 876 F.3d at 126. Accordingly, we GRANT ICON's motion and DISMISS Nautilus' cross-appeal.

In so ruling, the Court recognizes that Nautilus apparently filed its Notice of Appeal to protect its right to defend the district court's judgment in its favor on the grounds stated therein[1] and notes that in response to ICON's appeal Nautilus is free to urge *any* alternative ground in support of the district court's judgment in its favor. *See Cooper Ins., Ltd.*, 876 F.3d at 126. Nothing in this opinion shall be construed as prejudicing its right to do so.

---

[1] ICON indicates in its Motion to Dismiss Cross-Appeal that "Nautilus does not disagree with ICON's analysis and does not oppose having its cross-appeal dismissed *if* this Court agrees that may be done without Nautilus losing its opportunity to challenge the district court's ruling that it had to conduct an infringement analysis under Chinese Patent Law . . ."