**SECURITY AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Michael RIVERS and ARKR Trust, LLC, Defendants.**

**No. 6:09–cv–1674–ORL–35GJK.**

United States District Court, M.D. Florida, Orlando Division.

Feb. 28, 2011.

Robert K. Levenson, Esq. and Christine Nestor, Esq., Miami, FL, for the Securities and Exchange Commission.

William M. Pilzner, Esq., New York, NY, Eric N. Assouline, Esq., Assouline & Berlowe, P.A., Dania Beach, FL, for Defendant Michael Rivers.

## ORDER

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court upon Plaintiff's Notice of Filing Consent of Defendant Michael Rivers and Request for Entry of Judgment of Permanent Injunction and Other Relief. (Dkt. 29.) Plaintiff Securities and Exchange Commission filed a Complaint on September 29, 2009, seeking a permanent injunction prohibiting Defendant Michael Rivers from violating the antifraud and books-and-records provisions of the federal securities laws. (Dkt. 1 at 15.) Plaintiff filed the Notice on November 17, 2010, along with an attached Consent to Judgment of Permanent Injunction and Other Relief ("Consent") signed by Defendant Rivers and a proposed Judgment of Permanent Injunction and Other Relief as to Defendant Rivers ("Proposed Judgment"). (Dkt. 29; Dkt. 29–1; Dkt. 29–2.) The Notice requests that the Court enter judgment in accordance with the stipulated Proposed Judgment. (Dkt. 29 at 1.) In the Consent, Defendant Rivers states that he consents to the entry of the Proposed Judgment submitted by Plaintiff. (Dkt. 29–1 at ¶ 2.)

Plaintiff informs the Court that the Consent and Proposed Judgment resolve all issues of liability against Defendant Rivers. (Dkt. 29 at 1.) However, Plaintiff states that it will continue to seek an assessment of disgorgement and a civil penalty after the entry of judgment and therefore requests that the Court retain jurisdiction over this matter. (Dkt. 29 at 1.) Defendant Rivers states in the Consent that he does not admit or deny the allegations of the Complaint but submits that in the adjudication of a motion for an assessment of disgorgement and a civil penalty: (a) he will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of the Consent or the Proposed Judgment; and, (c) solely for the purposes of such motion, the allega-tions of the Complaint shall be accepted as true by the Court. (Dkt. 29–1 at ¶¶ 2, 3.)

Rule 65(d) of the Federal Rules of Civil Procedure requires the Court (1) to state the reason for entering the injunction; (2) to state its terms specifically; and (3) to describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required. Fed. R.Civ.P. 65(d)(A–C). The Court issues the injunction set forth below because Defendant Rivers has consented to its terms and because its issuance obviates the need for any further litigation regarding the liability of this Defendant. *See Chathas v. Local 134 Int'l Bhd. of Elec. Workers,* 233 F.3d 508, 513 (7th Cir.2000) (noting that the agreement of a defendant to the terms of a permanent injunction is alone sufficient to satisfy Rule 65(d)(1)(A)). The Court additionally finds that the terms of the injunction are set forth with specificity and that the acts restrained or required are described in sufficient detail to "apprise those within its scope of the conduct that is being proscribed." *Brown v. Ala. Dep't of Transp.,* 597 F.3d 1160, 1185 (11th Cir.2010) (quoting *In re Baldwin–United Corp.,* 770 F.2d 328, 339 (2d Cir.1985)).

The Court is aware that the Eleventh Circuit has expressed serious doubts about the enforceability of consent judgments that, as here, enjoin conduct that is already proscribed under the provisions of securities laws and regulations. *S.E.C. v. Smyth,* 420 F.3d 1225, 1233 n. 14 (11th Cir.2005). In *Smyth,* the court stated in dicta that "obey the law" injunctions have been held invalid and suggested that the injunction at issue was likely unenforceable on those grounds. *Id.* However, the Eleventh Circuit has also affirmed such an injunction, recognizing that an exception to the common law rule that "equity will not enjoin a crime" exists in cases of public nuisances that were also crimes. *S.E.C. v. Carriba Air, Inc.,* 681 F.2d 1318, 1321 (11th Cir.1982). In *Carriba Air,* the Eleventh Circuit reasoned that such injunctions comport with the common law exception against "obey the law" injunctions and that Congress expressly authorized the issuance of such injunctions under 15 U.S.C. § 77t. *Id.* The Eleventh Circuit has more-

over found that the *failure* to issue an injunction against future violations of securities laws and regulations where all legal requirements were met was clear error. *U.S. S.E.C. v. Ginsburg,* 362 F.3d 1292, 1305 (11th Cir. 2004).

■ This Court joins those decisions that have found the dicta in *Smyth* less compelling than the holdings in *Carriba Air* and *Ginsburg.* See *S.E.C. v. Solow,* 554 F.Supp.2d 1356 (S.D.Fla.2008); *S.E.C. v. Converge Global, Inc.,* No. 04–80841 CV, 2006 WL 907567, at *4 (S.D.Fla. Mar. 10, 2006). Accordingly, the Court finds that the injunction at issue is permissible under the law of the Eleventh Circuit.

Based on the foregoing, the Court hereby **GRANTS** the relief requested in the Notice (Dkt. 29) and enters the following Judgment of Permanent Injunction and Other Relief to which the parties have stipulated:

## I.

### PERMANENT INJUNCTION AS TO SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULE 10b–5

■ **IT IS ORDERED AND ADJUDGED** that Rivers, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b–5 [17 C.F.R. § 240.10b–5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

### PERMANENT INJUNCTION AS TO SECTION 13(b)(5) OF THE EXCHANGE ACT AND RULE 13b2–1

**IT IS FURTHER ORDERED AND ADJUDGED** that Rivers, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), and Exchange Act Rule 13b2–1, 17 C.F.R. § 240.13b2–1, by knowingly circumventing a system of internal accounting controls, knowingly failing to implement a system of internal accounting controls, or knowingly falsifying books, records, or accounts subject to Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

## III.

### PERMANENT INJUNCTION AS TO EXCHANGE ACT RULE 13b2–2

**IT IS FURTHER ORDERED AND ADJUDGED** that Rivers, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Exchange Act Rule 13b2–2, 17 C.F.R. § 240.13b2–2, by making or causing to be made materially false or misleading statements or omitting to state, or causing another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with an audit, review, or examination or the filing of reports required to be filed with the Commission.

## IV.

### *PERMANENT INJUNCTION AS TO EXCHANGE ACT RULE 13a–14*

IT IS FURTHER ORDERED AND ADJUDGED that Rivers, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Exchange Act Rule 13a–14, 17 C.F.R. § 240.13a–14, by falsely certifying in periodic reports filed with the Commission that to the best of their knowledge, there are in the reports no untrue statements of material fact or omissions of material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

## V.

### *PERMANENT INJUNCTION AGAINST AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTIONS 13(a) AND RULES 12b–20, 13a–1, 13a–11 AND 13a–13*

IT IS FURTHER ORDERED AND ADJUDGED that Rivers, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Exchange Act Rules 12b–20, 13a–1, 13a–11, and 13a–13, 17 C.F.R. §§ 240.12b–20, 240.13a–1, 240.13a–11, and 240.13a–13, by knowingly providing substantial assistance to an issuer in filing reports with the Commission: that contain any untrue statement of material fact; that omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; that fail to accurately and fairly reflect financial information; or that fail to include the information expressly required to be included in a statement or report.

## VI.

### *PERMANENT INJUNCTION AGAINST AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTIONS 13(b)(2)(A) AND 13(b)(2)(B)*

IT IS FURTHER ORDERED AND ADJUDGED that Rivers, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer in failing to make and keep books, records and accounts that, in reasonable detail, accurately and fairly reflect the issuer's transactions and disposition of assets, or knowingly providing substantial assistance to an issuer in failing to devise and maintain a system of reasonable internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statement in accordance with Generally Accepted Accounting Principles or any other criteria applicable to such statements.

## VII.

### *OFFICER AND DIRECTOR BAR*

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Rivers is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VIII.

### *DISGORGEMENT AND CIVIL PENALTY*

IT IS FURTHER ORDERED AND ADJUDGED that upon motion of the Commis-

sion, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Rivers will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Rivers may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as true by the Court; and (d) to the extent permitted by law the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## IX.

### *INCORPORATION OF RIVERS' CONSENT*

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Rivers is incorporated herein with the same force and effect as if fully set forth herein, and that Rivers shall comply with all of the undertakings and agreements set forth therein.

## X.

### *RETENTION OF JURISDICTION*

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XI.

### *CERTIFICATION UNDER RULE 54(b)*

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE** and **ORDERED.**