**Peter MCCAULEY, Plaintiff–Appellant,**

v.

**TRANS UNION, L.L.C., Defendant–Appellee.**

Docket No. 04–1386–CV.

United States Court of Appeals,
Second Circuit.

Argued Jan. 28, 2005.

Decided March 24, 2005.

Peter McCauley, New York, NY, Plaintiff–Appellant Pro Se.

Mark E. Kogan, Philadelphia, PA (Timothy P. Creech, Satzberg, Trichon, Kogan & Wertheimer, P.C., of counsel), for Defendant–Appellee.

Before OAKES, RAGGI and WESLEY, Circuit Judges.

OAKES, Senior Circuit Judge.

This *pro se* appeal raises the question whether a plaintiff's rejection of an offer of judgment under Fed.R.Civ.P. 68 moots the case so that entry of judgment in favor of the defendant is appropriate. The United State District Court for the Southern District of New York, Victor Marrero, *Judge,* dismissed this case as moot and entered judgment in favor of the defendant when the defendant's offer of judgment was refused. Because we find that the plaintiff's refusal did not, in and of itself, moot the case, we vacate the judgment and remand for entry of a default judgment in favor of the plaintiff.

The facts behind this appeal can be quickly summarized. In May 2002, Peter McCauley filed a complaint against Trans Union, a consumer reporting agency, alleging that Trans Union had negligently indicated on McCauley's credit report that he had two outstanding tax liens, thus temporarily preventing McCauley from securing a student loan with Sallie Mae Servicing Corporation ("Sallie Mae"). McCauley demanded damages in the amount of $240, which was the fee he incurred when, after he was refused a loan by Sallie Mae, he

charged over $8,000 in tuition to his credit card.

In June 2002, Trans Union filed an answer to McCauley's complaint, which denied all allegations and requested that the court dismiss McCauley's complaint with prejudice. In October 2002, Trans Union made an offer of judgment pursuant to Fed.R.Civ.P. 68[1] for $240, plus costs to be determined by the court. The offer of judgment specified that it not be construed as an admission of liability and that it remain confidential and filed under seal.

In September 2003, Trans Union moved for summary judgment, arguing that it had offered McCauley the entire amount of compensatory damages he had sought, eliminating any "case or controversy" with respect to McCauley's claims. The district court granted the motion in part, and denied in part, finding that because there remained a possibility that McCauley could recover punitive damages at the time of the settlement offer, Trans Union's offer did not encompass everything McCauley could possibly have been entitled to recover from his claims. The court acknowledged, however, that punitive damages were no longer available to McCauley and concluded that "the only possible damages McCauley may still recover . . . would be $240 along with the costs of the action. Were Trans Union now to make an identical Rule 68 offer of judgment that it made prior to filing this motion . . . the Court would be compelled to dismiss the action if McCauley were to reject the offer."

Thereafter, Trans Union renewed its offer of $240 plus court costs to McCauley. Because McCauley refused to accept the offer, the court dismissed the case in December 2003, holding that the offer constituted everything McCauley would potentially recover through successful litigation. Judgment was entered in favor of Trans Union.

On appeal, McCauley argues that he is seeking not just his actual damages of $240 but, more importantly, the precedential value of a judgment against Trans Union, which is frustrated by the language in Trans Union's settlement offer requiring that the settlement be confidential and filed under seal. McCauley contends that he has a legal and cognizable interest in obtaining a judgment that is not confidential and sealed, and thus can be used as precedent in future matters. He also asserts that, even if the district court properly dismissed his claim, it erred in failing to enter a judgment of $240 plus costs against Trans Union.

We have held that the federal courts lack jurisdiction in a case because of mootness "when the parties lack a legally cognizable interest in the outcome." *Fox v. Bd. of Trustees of State Univ. of New York,* 42 F.3d 135, 140 (2d Cir.1994) (internal quotation omitted). It is clear that Trans Union's unwillingness to admit liability is insufficient, standing alone, to make this case a live controversy. *See Abrams v. Interco, Inc.,* 719 F.2d 23, 33 n. 9 (2d Cir.1983) (plaintiff is not entitled to "pursue litigation in which he no longer has an interest merely because this could benefit others"). As explained by a sister circuit in discussing disclaimers of liability in Rule 68 settlement offers, "a party [cannot] force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything." *Chathas v. Local 134 IBEW,* 233 F.3d 508, 512 (7th Cir.2000).

---

1. Fed.R.Civ.P. 68 (2004) states that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money . . ., with costs then accrued."

The *Chathas* court went on to say, "if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law." *Id.*

Although McCauley is not entitled to keep litigating his claim simply because Trans Union has not admitted liability, *Chathas*'s language suggests that the district court's entry of judgment for Trans Union did not moot this case. In the absence of an obligation to pay McCauley the $240 in claimed damages, the controversy between McCauley and Trans Union is still alive. When Trans Union acknowledged that it owes McCauley $240, but offered the money with the requirement that the settlement be confidential, Trans Union made a conditional offer that McCauley was not obliged to take. Because judgment was then entered in Trans Union's favor, Trans Union was relieved of the obligation to pay the $240 it admittedly owes, and McCauley, by his refusal of a conditional settlement offer, wound up with nothing. We therefore cannot conclude that the rejected settlement offer, by itself, moots the case so as to warrant entry of judgment in favor of Trans Union.

*Chathas* points the way to a better resolution: entry of a default judgment against Trans Union for $240 plus reasonable costs. Such a judgment would remove any live controversy from this case and render it moot. Moreover, a default judgment would serve Trans Union's desire to end the case, would award McCauley his damages and, like the Rule 68 settlement offer, would have no preclusive effect in other litigation. Unlike the settlement offer, however, the default judgment would be a matter of public record, satisfying McCauley's desire that the case's disposition not be confidential. Although Trans Union sought to avoid this last result, a party engaged in litigation is not entitled to insist on confidentiality. *See Gambale v. Deutsche Bank AG,* 377 F.3d 133, 140 (2d Cir.2004) ("The public's stake in the propriety and particulars of the court's adjudication does not evaporate upon the parties' subsequent decision to settle.").

At oral argument, both parties agreed that entry of a default judgment would satisfactorily resolve this case. We have considered McCauley's arguments with respect to attorney's fees and find them to be without merit. We therefore vacate the judgment entered in favor of Trans Union and remand the case to the district court for the limited purpose of entering a default judgment in favor of McCauley for $240 plus such costs as the district court deems reasonable.