Doyle v. Midland Credit Management, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————————

August Term, 2012

(Submitted: April 10, 2013      Decided: June 28, 2013)

Docket No. 12-4555
————————————

ROBERT DOYLE,

*Plaintiff-Appellant*,

—v.—

MIDLAND CREDIT MANAGEMENT, INC.,

*Defendant-Appellee.*

————————————

B e f o r e:

LEVAL, KATZMANN, and HALL, *Circuit Judges*.

————————————

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), which dismissed the case for lack of subject matter jurisdiction. We conclude that the district court properly dismissed the case as moot, and we hold that an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot pursuant to Article III. Accordingly, the judgment of the district court is **AFFIRMED**.

————————————

Todd C. Bank, Kew Gardens, NY, *for Plaintiff-Appellant*.

Jeffrey J. Imeri, Marshall, Dennehey, Warner, Coleman & Goggin, New York, NY, *for Defendant-Appellee*.

————————————

PER CURIAM:

This case concerns the relationship between an offer of judgment pursuant to Federal Rule of Civil Procedure 68 and mootness pursuant to Article III of the U.S. Constitution. Plaintiff-Appellant Robert Doyle contends that neither of two putative offers of judgment extended by Defendant-Appellee Midland Credit Management, Inc. ("Midland") could have rendered his action moot because neither offer complied with Rule 68. We hold that an offer need not comply with Rule 68 in order to render a case moot under Article III.

## I.  Background

Doyle commenced this action in the United States District Court for the Eastern District of New York (Gleeson, *J.*) on November 14, 2011. On March 23, 2012, he filed an amended complaint. The complaint states that Midland, a debt collector, called Doyle's cellular phone between twenty-two and twenty-eight times over the course of 2011. None of the calls was intended for Doyle. On multiple occasions, Doyle informed Midland that he was not the individual Midland sought and stated that Midland should not call him again. On two or three occasions, Doyle asked the caller to identify the entity that was contacting him, and the caller refused to answer and hung up.

Doyle sued Midland for damages. He brought three causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. First, Doyle claimed that Midland violated 15 U.S.C. § 1692c(b), which prohibits (subject to certain exceptions not relevant here) "communicat[ion on the part of a debt collector], in connection with the collection of any debt, with any person other than the consumer." Second, Doyle claimed that Midland violated 15 U.S.C. § 1692d, which states that "[a] debt collector may not engage in any conduct the natural

-2-

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Finally, Doyle claimed that Midland violated 15 U.S.C. § 1692d(6), which particularly identifies "the placement of telephone calls without meaningful disclosure of the caller's identity" as harassing, oppressive, or abusive behavior.

Midland moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The district court treated the filing as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and granted the motion with respect to the first cause of action, holding that "non-consumers lack standing to sue under § 1692c." *Doyle v. Midland Credit Mgmt., Inc.*, No. 11-CV-5571 (JG)(MDG), 2012 WL 1666397, at *3 (May 11, 2012). However, the district court denied the motion with respect to the second and third causes of action. *Id.* at *4.

Midland then extended to Doyle an Offer of Judgment in the amount of $1,001 in addition to coverage of Doyle's reasonable attorney's fees and costs. Midland stated that the offer was made "[p]ursuant to Rule 68 of the Federal Rules of Civil Procedure." Doyle did not accept the Offer of Judgment.

Midland moved to dismiss the complaint for lack of subject matter jurisdiction, asserting that it had served Doyle with a Rule 68 offer in an amount exceeding the recovery available to Doyle and arguing that the offer rendered the case moot. At the motion hearing, Doyle's counsel stated that Doyle sought both statutory and actual damages. He stated that the actual damages incurred amounted to several dollars for the cost of the calls to Doyle's cellular phone. *Doyle v. Midland Credit Mgmt., Inc.*, No. 11-CV-5571 (JG)(MDG), 2012 WL 5210596, at *3 (E.D.N.Y. Oct. 23, 2012). In response, Midland offered to pay Doyle $1,001, in addition to costs,

disbursements, attorney's fees, and an additional $10 to cover actual damages. *Id.* Doyle's

counsel agreed that this offer provided for all of the relief that Doyle sought. *Id.* Doyle

nonetheless refused to settle the case for that amount. The district court held that case was

therefore moot, and it granted Midland's motion to dismiss. *Id.* at *4.

On November 9, 2012, Doyle filed a timely notice of appeal.

## II.     Discussion

In an appeal from a dismissal for lack of subject matter jurisdiction, "we review the

district court's factual findings for clear error and its legal conclusions *de novo*." *APWU v.*

*Potter*, 343 F.3d 619, 624 (2d Cir. 2003). "Dismissal of a case for lack of subject matter

jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or

constitutional power to adjudicate it." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d

Cir. 2009) (per curiam) (internal quotation marks omitted). Under Article III of the U.S.

Constitution, "[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction

over the action." *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)

(internal quotation marks and brackets omitted). In particular, if a defendant consents to

judgment in the maximum amount for which the defendant could be held liable, "there is no

justification for taking the time of the court and the defendant in the pursuit of . . . claims which

[the] defendant has more than satisfied." *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983).

Doyle contends that the district court erred in dismissing his case for lack of subject

matter jurisdiction because neither of the offers made by Midland could provide the basis for

such a dismissal. We focus our discussion on the oral offer for $1,011 that Midland extended

during the motion hearing before the district court; this offer, unlike the previous offer for ten

-4-

dollars less, was for the full amount of relief sought by Doyle in this case. Doyle argues that the offer for $1,011 was faulty because "a Rule 68 offer may not be made orally." Reply Brief at 2. However, an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011) ("[T]he doctrine of mootness is . . . not constrained by the formalities of Rule 68."); *see also ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 92-93 (2d Cir. 2007) (affirming Rule 12(b)(1) dismissal based on a tender of the maximum amount owed and not based on a formal Rule 68 Offer of Judgment). Consequently, we agree with the district court that Doyle's refusal to settle the case in return for Midland's offer of $1,011 (plus costs, disbursements, and attorney's fees), notwithstanding Doyle's acknowledgment that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction.

Doyle additionally argues that the district court erred when it dismissed his first cause of action for failure to state a claim upon which relief can be granted. This argument is moot in light of our holding that the district court properly dismissed the entirety of Doyle's case for lack of subject matter jurisdiction. Doyle does not contend that he would have been entitled to more than $1,011 in overall damages if his claim pursuant to 15 U.S.C. § 1692c(b) had been maintained. Consequently, the dismissal of that claim—whether or not it was proper—does not alter our conclusion that the district court properly dismissed this case as moot.

## III.    Conclusion

We have considered Doyle's remaining arguments and find them to be without merit. Accordingly, for the reasons stated herein, the judgment of the district court is **AFFIRMED**.