12-3757-cv
Cabala v. Crowley

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Submitted: August 30, 2013     Decided: November 19, 2013)

Docket No. 12-3757-cv

_____

JOEL J. CABALA,

*Plaintiff-Appellee,*

— v. —

TIMOTHY W. CROWLEY, KIM A. MORRIS,

*Defendants-Appellants.*[*]

_____

B e f o r e:

RAGGI, LYNCH, and LOHIER, *Circuit Judges.*

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Defendants-appellants appeal from a decision by the United States District Court of the District of Connecticut (Vanessa L. Bryant, *Judge*) awarding $32,489.29 in attorney's fees and costs to plaintiff-appellee. The fee award follows a stipulated judgment awarding plaintiff maximum statutory damages of $1,001 for their decedent's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Appellants argue that the award unreasonably includes plaintiff's attorney's fees incurred after defendant offered a settlement including the full amount of statutory damages, and that plaintiff's counsel committed ethical violations that defeat the fee award. Because defendants' settlement offer did not include an offer of judgment, it did not fully resolve the case and did not moot further litigation by plaintiff. We therefore conclude that the district court did not abuse its discretion in finding that defendants remain liable for additional attorney's fees accrued by plaintiff.

AFFIRMED.

––––––––––––

DEEPAK GUPTA, Gupta Beck PLLC, Washington, DC, *for the Plaintiff-Appellee.*

ANDREW J. SOLTES, JR., Law Offices of David W. Rubin, Stamford, Connecticut, *for the Defendants-Appellants.*

PER CURIAM:

Defendants-appellants appeal from a judgment of the United States District Court of the District of Connecticut (Vanessa L. Bryant, *Judge*) awarding $32,489.29 in attorney's fees and costs to plaintiff-appellee. The issue presented by this case is whether a defendant remains liable for plaintiff's attorney's fees accrued after defendant offered a settlement that included the maximum available damages and, as mandated by statute, plaintiff's fees and costs, but that did not include an offer of judgment. Because a settlement offer without an offer of judgment does not fully resolve the case, such a settlement offer does not moot the dispute, and defendants remain liable for any reasonable attorney's fees accrued by plaintiff during further litigation.

## BACKGROUND

Plaintiff-appellee Joel J. Cabala began this action on April 21, 2009, seeking damages for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by defendant Benjamin Morris, an attorney.[1] Morris

---

[1] Following the initial entry of judgment in the case, but before the award of attorney's fees, Benjamin Morris died, and the co-executors of his estate were

did not and does not contest his substantive liability for violating the FDCPA;

Morris contends that, precisely because he promptly offered to pay Cabala the

maximum damages he could have been entitled to under the FDCPA, he should

not be held liable for attorney's fees incurred by Cabala during a protracted

dispute between the parties concerning the form of the settlement.

Less than two months after the complaint was filed, on June 25, 2009, David

W. Rubin, counsel for Morris, contacted counsel for Cabala, Joanne S. Faulkner,

and offered to settle for $1000, the maximum statutory damages mandated by the

FDCPA, and also offered, as mandated by the statute, to pay Cabala's attorney's

fees and costs, with the amount of such fees to be determined by the court. Rubin

indicated that in his view, as Morris's offer included maximum recoverable

damages for the underlying violation, Morris would not be liable for any further

fees accrued by Cabala in the dispute. Faulkner's reply requested a lump sum

settlement including attorney's fees, to which Rubin responded by again

requesting that any dispute over the amount of the fees be resolved by the court.

Faulkner in turn replied that a fee application to the court would not be

substituted as defendants. See Cabala v. Morris, No. 3:09-cv-651 (VLB), 2012 WL 3656364, at *1 n.1 (D. Conn. Aug. 24, 2012). For purposes of this appeal, we refer to defendants simply as "Morris."

cognizable without a judgment, an outcome which Rubin had stated he wished to avoid. The parties also disagreed over Faulkner's refusal to provide an accounting of the hours she had thus far spent on the case.

After several months of fruitless settlement discussions, the parties finally jointly stipulated for judgment in favor of Cabala, with damages set at the statutory maximum as provided in Morris's initial settlement offer. The stipulation requested judicial determination of attorney's fees and costs.

In the subsequent discovery and litigation over the amount of the fee award to which Cabala was entitled, Morris alleged that Faulkner had behaved improperly by failing to communicate Morris's original settlement offer to Cabala. The district court, observing that there was a sincere dispute over the "nature and form" of the settlement – specifically about whether the settlement would include a judgment that would make the attorney's fee award judicially enforceable – concluded that Morris's original offer did not moot the action. Thus, the district court concluded, any reasonable attorney's fees incurred by Cabala during the continuing litigation should be borne by Morris. Following a lodestar analysis of Faulkner's hourly rate and the time spent on the matter, the district court found her fee request reasonable. Accordingly, the district court ordered Morris to pay Cabala the full amount of fees requested.

**DISCUSSION**

    I.    <u>Attorney's Fees Under the FDCPA</u>

As a prevailing party under the FDCPA, Cabala is presumptively entitled to an award of reasonable attorney's fees. <u>See</u> 15 U.S.C. § 1692k(a)(3); <u>Savino v. Computer Credit, Inc.</u>, 164 F.3d 81, 87 (2d Cir. 1998).

Morris does not challenge the district court's conclusions that the hourly rate charged and the number of hours billed by Cabala's attorney were reasonable for the work actually done by Faulkner. Rather, he argues that the district court's award should not have included any fees for work done by Faulkner after Morris's June 25, 2009 settlement offer. Morris submits that his initial offer for the maximum recovery available under the FDCPA (1) rendered the underlying action moot, or (2) was entitled to the same treatment as an offer of judgment under Rule 68, <u>see</u> Fed. R. Civ. P. 68 (providing that party who rejects "offer of judgment," and then fails to obtain greater relief cannot recover any costs accruing after date of rejection).

In <u>McCauley v. Trans Union, L.L.C.</u>, 402 F.3d 340 (2d Cir. 2005), we rejected the argument that an unaccepted offer of settlement for the full amount of damages owed "moots" a case such that the case should be dismissed for lack of

6

jurisdiction if the plaintiff desires to continue the action. Rather, we held, the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer. Id. at 342. Only after such a disposition is the controversy resolved such that the court lacks further jurisdiction.[2] Id.

Morris's settlement offer, however, specifically sought to avoid entry of judgment. Upon Faulkner's rejection of his proposal, Morris neither offered a Rule 68 entry of judgment (which under the terms of the rule would have imposed further costs incurred in the case on plaintiff, see Fed. R. Civ. P. 68(d)), nor sought entry of judgment as authorized by McCauley, which under the terms of that case would have ended the litigation. Indeed, although Morris contends that his offer rendered the case moot, he never moved for dismissal of the case on that ground, nor did he challenge the propriety of the substantive judgment of

---

[2] Not every circuit agrees with this approach. See Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528-29 & n.3 (2013) (noting and declining to resolve conflict and citing cases); id. at 1533 (Kagan, J., dissenting) (stating that view that an unaccepted settlement offer moots a case "is wrong, wrong, and wrong again"); Diaz v. First Am. Home Buyers Prot. Corp., 732 F.3d 948, 952-55 (9th Cir. 2013) (noting conflicting views in other circuits, holding that "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot," and leaving open whether, as this Court held in McCauley, a court may in such circumstances enter a judgment for plaintiff and terminate the litigation).

7

FDCPA liability ultimately entered in the case. Instead, the parties continued to dispute a substantive issue relevant to the disposition of the case. Because the parties continued to dispute the form and extent of the relief to which Cabala was entitled, the case never became moot.

Morris's remaining argument is that Cabala and his attorney acted unreasonably in continuing to litigate after communication of the June 25, 2009 settlement offer. We review a district court's award of attorney's fees for abuse of discretion. Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 58 (2d Cir. 2012). The district court observes the parties' litigation directly and is thus best situated to consider the case-specific factors relevant to a reasonable fee assessment. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 194 (2d Cir. 2007). Thus, we accord "substantial deference" to a district court's fee determinations. Fox v. Vice, 131 S. Ct. 2205, 2216 (2011); see also Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992) ("A district court is in the best position to determine the amount of work that was necessary to achieve the results in a particular case and, therefore, is entitled to ample discretion in its decision."). We detect no abuse of that discretion here.

The district court concluded that the parties continued to litigate, and plaintiff's attorney's fees continued to accrue, because of a substantive dispute over the "nature and form" of the settlement and due to poor communication by both sides. As the district court noted, Faulkner's insistence on an admission of liability and her refusal to provide Rubin with her fee records "were not founded in law," and her posture may well have been unduly rigid. However, the district court also noted that Faulkner "demonstrated a willingness to have the Court determine reasonable attorney's fees should [defendants] file an offer or stipulation of judgment throughout the course of the litigation." It takes two to stage a useless litigation; Faulkner's insistence on a judgment was no more rigid than Morris's and Rubin's equally determined opposition to such a judgment. Given the circumstances, and our deference to the district court's judgment, we identify no abuse of discretion in the district court's conclusion that Cabala's attorney's fees were reasonable.

As the district court also correctly noted, "[t]he availability of Rule 68 gives additional weight to this conclusion." Under that rule, when a plaintiff refuses an offer that satisfies Rule 68 (by, *inter alia*, making an offer of *judgment*) and then fails to win more than the offered amount at trial, costs are shifted to the plaintiff

9

as part of the judgment. Morris could have at any time avoided liability for further costs by making such an offer, but he persisted in declining to do so, thus prolonging the litigation.[3]

Like the district court, we reject Morris's argument that his settlement offer should be treated as equivalent to a Rule 68 offer of judgment. Morris consistently declined a resolution that included a judgment. A settlement agreement between parties by which the defendant agrees to make a payment in exchange for dismissal of the plaintiff's action only creates a contract between the parties that must be interpreted and enforced by the state courts. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (observing that a settlement agreement followed by dismissal of complaint before a federal court creates a contract which, absent an independent basis for federal jurisdiction, is appropriately enforced in state court). Failure to pay the negotiated settlement amount gives rise to a breach of contract action, while a judgment may be

---

[3] We assume without deciding, because it is not necessary to our resolution of the case, that a Rule 68 offer forecloses fee awards even under "[s]tatutes that do not refer to attorney's fees as part of the costs," such as § 1692k, noting that this view is not universally accepted. See Marek v. Chesny, 473 U.S. 1, 43-45 (1985) (Brennan, J., dissenting); see also Lee v. Thomas & Thomas, 109 F.3d 302, 306, 307 n. 8 (6th Cir. 1997) (holding that compensation for attorney hours expended subsequent to rejected Rule 68 offer were subject to lodestar calculation and "reasonableness test").

10

enforced using all the remedies available to a judgment creditor. We need not determine whether this distinction is sufficiently significant that reasonable parties would expend significant funds fighting over it. It is sufficient for us to note that in the absence of any precedent holding that Morris's settlement proposals were equivalent to Rule 68 offers, it was not *per se* unreasonable for Cabala to continue to litigate the case until Morris eventually capitulated and stipulated to entry of judgment.

Our recent decision in Doyle v. Midland Credit Management, Inc., 722 F.3d 78, 80-81 (2d Cir. 2013), is not to the contrary. In Doyle, we held that an offer of judgment that fully satisfied a claim under the FDCPA need not conform to the formal requirements of Rule 68 in order to moot a cause of action. In Doyle, however, the defendant offered judgment, rather than settlement without judgment, resolving all points in dispute and leaving no conflict over the "nature and form" of settlement. The only deviation from the formal attributes of a Rule 68 offer was that the defendant in Doyle made its offer orally. Id. at 81. To hold that an offer of judgment that fails to meet the technical procedural requirements of Rule 68 is nevertheless an offer of judgment is not equivalent to holding that an

offer of an informal settlement without judgment is equivalent to a Rule 68 offer of judgment.[4]

## II.    Alleged Ethical Violations

Morris contends that various alleged ethical lapses by Faulkner in dealing with Cabala provide a further reason to deny attorney's fees. We note that the district court made no finding of an ethical violation, and we need not discuss the merits of the alleged lapses to reject Morris's fee argument. Any alleged dereliction by Faulkner has no bearing on the reasonableness of the fees awarded here because (1) attorney's fees in an FDCPA action are awarded to the prevailing party, not to his or her attorney, 15 U.S.C. § 1692k(a)(3); (2) the proper forum for resolving the parties' dispute regarding whether Faulkner had an obligation to communicate defendants' earlier settlement offers to Cabala, and whether her alleged failure to do so was inappropriately self-interested, is an attorney

---

[4] Since Doyle in not inconsistent with our holding here, we need not address whether it is inconsistent with McCauley, which was not cited by the Doyle court. It is sufficient for our purposes to note that in all of the cases in which this Court has even considered finding a case moot, or treating a non-conforming offer as satisfying Rule 68, the argument was predicated upon the offer, or entry, of a *judgment* in favor of plaintiff, something that defendants here refused to tender until after the fees in question had already been incurred.

disciplinary proceeding or a proceeding pursuant to 28 U.S.C. § 1927, not a fee litigation; and (3) we identify no error in the district court's factual determination that Faulkner's fees were reasonable for the work performed. We therefore find no abuse of discretion in the district court's conclusion that allegations of unethical behavior by Faulkner do not preclude the award of fees to Cabala.

## CONCLUSION

Because Morris's initial offer to settle did not include an offer of judgment, it did not fully resolve the dispute between the parties, and thus further litigation by Cabala was not *per se* unreasonable. We find no abuse of discretion in the district court's award of full attorney's fees to the plaintiff. Accordingly, the judgment of the district court is AFFIRMED.