Eyal **VADAI**, on behalf of himself and others similarly situated, Plaintiff,

v.

**DUN & BRADSTREET CREDIBILITY CORP.**, Defendant.

**No. 14 CIV. 1617 (LLS).**

United States District Court, S.D. New York.

Signed Sept. 2, 2014.

Lieff, Cabraser, Heimann & Bernstein, LLP, New York, NY, Of Counsel: Jonathan D. Selbin, Jeremy Troxel, Of Counsel: Daniel M. Hutchinson, San Francisco, CA, Siri & Glimstad LLP, New York, NY, Of Counsel: Aaron Siri, for Plaintiff.

Gibson, Dunn & Crutcher LLP, New York, NY, Of Counsel: Timothy W. Loose, for Defendant.

## ORDER & JUDGMENT

LOUIS L. STANTON, District Judge.

Plaintiff Eyal Vadai brings this putative class action against defendant Dun & Bradstreet Credibility Corp. ("D & B Credibility") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, alleging that D & B Credibility made an unsolicited call by automated telephone equipment to his cellular telephone number on February 10, 2014.

On July 17, 2014, D & B Credibility sent Vadai an offer of judgment pursuant to Fed. R.Civ.P. 68 for $7,500, inclusive of all recoverable costs, that would also enjoin D & B Credibility from placing any automated calls to Vadai's cell phone number in violation of the TCPA. Defendant's July 25, 2014 Letter to the Court Ex. A at 1. Vadai wrote the Court on July 23, 2014, six days after receiving that offer, seeking a pre-motion conference on his anticipated motion for leave to file a second amended complaint.[1] Dkt. No. 31. On the same day, Vadai also filed a motion for class certification without requesting a pre-motion conference. Dkt. No. 32.

■ First, Vadai's motion for class certification failed to comply with Rule 2 of my Individual Practices, which require a pre-motion conference before the making of any such motion. Accordingly, it is dismissed without prejudice.

■ Second, the monetary damages Vadai can recover individually under the TCPA for the one telephone call made to him on February 10, 2014, are limited to $500, which could be trebled to not more than $1,500 if the Court finds that it was a willful and knowing violation. D & B Credibility's offer of judgment is five times the trebled amount, and thus more than satisfies any recovery Vadai could make under the applicable statute.

Defendant's letter-motion of July 25, 2014 (Dkt. No. 33) is granted and this action is dismissed for lack of jurisdiction since there remains no case or controversy, Vadai's claim having been mooted by the amount and content of the Rule 68 offer made by D & B Credibility. Whether Vadai accepts or rejects that offer is immaterial, for the offer makes available to him all of the relief to which he would be entitled if he won his case. *See Doyle v. Midland Credit Mgt., Inc.*, 722 F.3d 78, 80 (2d Cir.2013) ("In particular, if a defendant consents to judgment in the maximum amount for which the defendant could be held liable, there is no justification for taking the time of the court and the defendant in the pursuit of claims which the defendant has more than satisfied.") (internal quotation marks and citation omitted); *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir.1994) ("[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot.") (citation omitted); *Franco v. Allied Interstate LLC*, 13 Civ. 4053, 2014 WL 1329168, at *5 (S.D.N.Y. Apr. 2, 2014) ("In this case, defendant here has offered to address plaintiff's harm and make plaintiff whole; other potential plaintiffs remain free to vindicate their rights in their own suits despite the mootness of plaintiff's individual claim.") (internal quotation marks and citation omitted).

The dismissal of Vadai's individual claim in no way impairs the ability of other actual or potential members of the proper class to seek appropriate recompense for any illegal calls they may have received, in proceedings other than this action.

Since the parties have failed to agree upon a form of judgment, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is granted in favor of Plaintiff Eyal Vadai and against Defendant Dun & Bradstreet Credibility Corp. in the amount of $7,500.00, inclusive of all recoverable costs; and

---

1. None of the amended pleadings asserted matter which would avoid the effect of the defendant's Rule 68 offer. Vadai's Complaint and Proposed Second Amended Complaint mention that he received previous similar automated calls from D & B Credibility, but give no particulars or grounds for his information or belief that they were made by D & B Credibility or its agent, and are accordingly disregarded.

2. Defendant is enjoined from placing any automated calls to Plaintiff's cellular telephone number in violation of 47 U.S.C. § 227.

Accordingly, upon the entry of this judgment in accordance with the terms of the Rule 68 offer, there remains no case or controversy before the Court.[2]

The Clerk is directed to close the case.

So ordered.

---

**2.** After the oral dismissal of this action at the July 25, 2014 conference, the attorneys for the parties had some discussions over attorneys' fees, generating disputes reflected in their letters to the Court of August 25 and 26, 2014, over which I have neither statutory nor diversity jurisdiction. The TCPA makes no mention of attorney's fees.