Bank v. Caribbean Cruise Line

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fifteen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **RAYMOND J. LOHIER, JR.,**
> **CHRISTOPHER F. DRONEY,**
> > *Circuit Judges.*

_____

Todd C. Bank, Individually and on Behalf of All Others Similarly Situated,

> *Plaintiff-Appellant*,

> v.                                                                                    14-4720

Caribbean Cruise Line, Inc.,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | TODD C. BANK, pro se, Kew Gardens, NY. |
| **FOR DEFENDANT-APPELLEE:** | John H. Pelzer, Greenspoon Marder, P.A., Fort Lauderdale, FL. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Todd C. Bank, an attorney proceeding pro se, appeals from the consent judgment entered on November 26, 2014 and the November 24, 2014 order, which dismissed as moot his claims against Caribbean Cruise Line, LLC ("CCL") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), after CCL made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review de novo a district court's decision concerning Article III subject matter jurisdiction insofar as that decision is based solely on conclusions of law." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 198 (2d Cir. 2015).

Bank argues that the district court erred in dismissing his complaint, because CCL's unaccepted Rule 68 offer did not moot his claims. Bank is correct that "under the law of our Circuit, an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot *before the entry of judgment* against the defendant[ ]." *Id.* at 197 (emphasis added). Rather, where there is an unaccepted offer of judgment that would afford the plaintiff complete relief, we have held that "the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer." *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (citing *McCauley*

*v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005)); *see also Tanasi*, 786 F.3d at 200 (explaining that if the parties do not "agree that a judgment should be entered against the defendant, . . . the district court should not enter judgment against the defendant if it does not provide complete relief"). Only after the entry of judgment in the plaintiff's favor "is the controversy resolved such that the court lacks further jurisdiction." *Cabala*, 736 F.3d at 228.

That is precisely what happened in the present case. The district court entered a judgment on November 26, 2014, which, consistent with CCL's Rule 68 offer, held CCL liable to Bank in the total sum of $3,000 in statutory damages with recoverable costs, and enjoined CCL from calling Bank's residential telephone number in a manner that violates the TCPA. Bank does not contest that this judgment afforded him all the relief he sought. Nor does he deny that the district court's dismissal of his claim as moot was premised on the entry of a consent judgment in his favor. Accordingly, it was not the unaccepted Rule 68 offer that rendered his claims moot. Rather, his claims were mooted by the district court's entry of a judgment providing him with complete relief. *See Tanasi*, 786 F.3d at 200 ("Then, *after* judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III."); *see also ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) ("Mootness, in the constitutional sense, occurs when the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties.").

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3