16-1133-cv (L)
Leyse v. Lifetime Entm't Servs., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:  REENA RAGGI,
                   RAYMOND J. LOHIER, JR.,
                   CHRISTOPHER F. DRONEY,
                               *Circuit Judges*.

------------------------------------------------------------------------

MARK LEYSE, individually and on behalf of all others similarly situated,

      *Plaintiff-Appellant-Cross-Appellee*,

        v.                                                                  Nos. 16-1133-cv
                                                                                        16-1425-cv

LIFETIME ENTERTAINMENT SERVICES, LLC,

      *Defendant-Appellee-Cross-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     TODD C. BANK, Esq., Kew Gardens, New York.

APPEARING FOR APPELLEE:     STEPHEN M. RUMMAGE, Davis Wright Tremaine LLP, Seattle, Washington (Sharon L. Schneier, Eric J. Feder, Davis Wright Tremaine LLP, New York, New York, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the April 12, 2016 judgment of the district court is AFFIRMED.

Plaintiff Mark Leyse appeals the denial of class certification and entry of judgment on his individual claim under the Telephone Consumer Protection Act ("TCPA"), *see* 47 U.S.C. § 227(b)(1)(B), after defendant Lifetime Entertainment Services, LLC ("Lifetime") tendered complete relief. On cross-appeal, Lifetime challenges Leyse's standing to bring his claim, as well as the district court's denial of summary judgment. "We review *de novo* both a district court's grant of summary judgment and its determination of standing." *Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013). We review a district court's denial of class certification for abuse of discretion, *see Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015), which we will identify only where the decision rests upon an error of law or fact or otherwise falls outside the "range of permissible decisions," *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Standing

Lifetime contends that Leyse cannot show the injury in fact necessary for standing. *See, e.g.*, *Strubel v. Comenity Bank*, 842 F.3d 181, 188–89 (2d Cir. 2016) (recognizing "injury in fact" as necessary element of Article III standing). To

demonstrate injury in fact, a plaintiff must show the "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *accord Strubel v. Comenity Bank*, 842 F.3d at 188. Congress may by statute define and confer upon individuals a legally protected interest, but even in such cases, "a plaintiff only has standing to sue if she can allege concrete and particularized injury to that interest." *Strubel v. Comenity Bank*, 842 F.3d at 188.

We need not here decide whether the alleged violation of 47 U.S.C. § 227(b)(1)(B) would, by itself, be sufficient to establish injury in fact because the evidentiary record establishes that Lifetime left a prerecorded voicemail message, to which Leyse later listened, on an answering device in the place where Leyse resided and to which he had legitimate access. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148–49 (2013) (noting that standing at summary judgment stage is demonstrated by record evidence). Insofar as the TCPA protects consumers from certain telephonic contacts, we conclude that Leyse's receipt of such an alleged contact in the way described demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice." (alterations and internal quotation marks omitted)); *see also Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819–21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d

1245, 1252 (11th Cir. 2015) (holding that injury under similar TCPA provision may be shown by one-minute occupation of fax machine).

Accordingly, we affirm the district court's standing determination.

2.    Class Certification

Leyse argues that the district court abused its discretion in denying, on ascertainability grounds, his motion to certify a class composed of "all persons to whose residential telephone lines [Lifetime] or a third party acting on its behalf initiated" the challenged prerecorded message.   Our precedent identifies "ascertainability" as an "implied requirement" for class certification under Fed. R. Civ. P. 23.   *Brecher v. Republic of Argentina*, 806 F.3d at 24 (internal quotation marks omitted).   "A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case."   *Id.* at 24–25 (internal quotation marks omitted).

Leyse proposed to identify class members by soliciting individual affidavits certifying receipt of the prerecorded call accompanied by telephone bills showing subscription to New York City residential telephone service in August 2009.   Leyse adduced no evidence that this method employed objective criteria, was administratively feasible, or permitted ready identification of members.   The district court consequently concluded that, under *Brecher*, the proposed class was unascertainable because (1) no list of the called numbers existed, *see Leyse v. Lifetime Entm't Servs.*, No. 13 CIV. 5794 AKH, 2015 WL 5837897, at *5 (S.D.N.Y. Sept. 22, 2015); (2) no such list was likely to emerge, *see id.*; and (3) (as further explained in the order denying reconsideration)

4

proposed class members could not "realistically be expected to recall a brief phone call received six years ago or . . . to retain any concrete documentation" of such receipt, App'x 172–73.[1] Although a list of class members will not always be necessary to render a class ascertainable, we identify no abuse of discretion in this finding that Leyse had failed to show a sufficiently reliable method for identifying the proposed class to avoid "mini-hearing[s] on the merits of each case." *Brecher v. Republic of Argentina*, 806 F.3d at 25 (internal quotation marks omitted).

*Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240 (N.D. Ill. 2014), upon which Leyse relies, is not to the contrary. There, plaintiff already possessed a list of telephone numbers associated with the defendant in proposing to use affidavits and phone records to document each individual call received and the telephone number of each caller. *Id.* at 248. No such list exists here. Moreover, Leyse proposes to supplement affidavits with records showing only *subscription* to residential telephone service, not the receipt of particular calls. Thus, the district court acted within its discretion in denying certification based on the inability to ascertain the class.

3.      Entry of Judgment

Leyse contends that the district court erred in entering judgment on his individual claim upon Lifetime's depositing with the clerk of court the full amount of damages and costs recoverable by Leyse under the TCPA, even though Leyse had not accepted

---

[1] Leyse addressed ascertainability in his class-certification reply brief to the district court and *Brecher* at length in his motion for reconsideration. Thus, his argument on appeal that he was denied a sufficient opportunity to show ascertainability under *Brecher* is meritless.

Lifetime's Fed. R. Civ. P. 68 offer of judgment in that amount. The argument is defeated by precedent. While an unaccepted Fed. R. Civ. P. 68 offer for complete relief does not *moot* a case—that is, it does not strip the district court of jurisdiction over the case—such an offer, if rejected, may nonetheless permit a court to enter a judgment in the plaintiff's favor. *See Tanasi v. New All. Bank*, 786 F.3d 195, 200–201 (2d Cir. 2015); *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013).

Leyse argues that *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), abrogated these precedents. The argument fails because *Campbell-Ewald Co.* held only that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and therefore a district court "retain[s] jurisdiction" to adjudicate it. *Id.* at 672. In so holding, the Court expressly stated that its holding did not extend to cases in which a defendant "deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* Because that is the precise scenario at issue here, we conclude that *Campbell-Ewald Co.* does not undermine the controlling effect of *Tanasi* and similar precedents permitting the entry of judgment under these circumstances.[2] We therefore

---

[2] Leyse's reliance upon *Chen v. Allstate Ins. Co.*, 819 F.3d 1136 (9th Cir. 2016), is also misplaced. *Chen* held that an individual claim was not subject to entry of judgment even where "funds ha[d] been deposited in an escrow account, relief ha[d] been offered, but it ha[d] not been received," *id.* at 1138, but only where the offer of judgment was rejected *prior* to resolution of the plaintiff's class-certification motion. Assuming *arguendo* that this court would follow *Chen*, its reasoning is inapplicable here because Leyse's class-certification motion was litigated and resolved before Lifetime's Fed. R. Civ. P. 68 offer.

6

affirm the district court's entry of judgment on Leyse's individual claim.[3]

We have considered Leyse's remaining arguments and conclude that they are without merit. Accordingly, the April 12, 2016 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] In so doing, we assume without deciding that, (1) as a customary user of the telephone and voicemail at issue, Leyse was a "called party," *see* 47 U.S.C. § 227(b)(1)(B); and (2) that the TCPA's statutory definition of "unsolicited advertisement," *see id.* § 227(a)(5), encompasses the content of the prerecorded telephone call at issue.