17-4046-cv
*Manhattan Review, LLC, et al. v. Tracy Yun, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>  *Circuit Judges*,
> PAUL A. CROTTY,
>  *District Judge*.[*]

---

MANHATTAN REVIEW LLC and JOERN MEISSNER, derivatively on behalf of MANHATTAN REVIEW LLC,

      *Plaintiffs-Appellants*,

   v.           17-4046-cv

TRACY YUN, MANHATTAN ENTERPRISE GROUP LLC, d/b/a MANHATTAN ELITE PREP, and CHRISTOPHER KELLY,

      *Defendants-Appellees*.[†]

---

[*] Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully instructed to amend the caption as set forth above.

For Plaintiffs-Appellants:  THOMAS P. HIGGINS, Higgins & Trippett, LLC, New York, NY.

For Defendants-Appellees:  TRACY YUN, *pro se*, New York, NY;

JUSTIN KUEHN, Moore Kuehn, PLLC, New York, NY (*for* Manhattan Enterprise Group LLC, d/b/a Manhattan Elite Prep);

CHRISTOPHER KELLY, *pro se*, New York, NY.

Appeal from a December 5, 2017 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*; Francis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Manhattan Review LLC ("Manhattan Review") and Joern Meissner ("Meissner") appeal the district court's judgment granting attorneys' fees and costs to Defendants-Appellees Manhattan Enterprise Group LLC, d/b/a Manhattan Elite Prep ("Manhattan Enterprise"), and Christopher Kelly ("Kelly") pursuant to section 505 of the Copyright Act, 17 U.S.C. § 505, and section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we recount in detail in an accompanying *per curiam* opinion filed simultaneously with this order. That opinion holds that Defendants-Appellees meet the definition of a "prevailing party" under section 505 of the Copyright Act and section 35(a) of the Lanham Act. This summary order addresses Plaintiffs-Appellants' remaining arguments.

### Discussion

#### I. *Copyright Act*

The Copyright Act provides that "the court may award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. A district court's decision to award attorneys' fees under

the Copyright Act is reviewed for abuse of discretion. *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001). However, "[a] district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000). Plaintiffs-Appellants argue that the district court erred as a matter of law in awarding fees because Defendants-Appellees do not meet the definition of a "prevailing party" under the Copyright Act. As noted above, we hold in a *per curiam* opinion filed simultaneously with this summary order that Defendants-Appellees do meet that definition.

Having concluded that Defendants-Appellees satisfy the "prevailing party" prerequisite, we now review the district court's decision to award attorneys' fees for abuse of discretion. *Matthew Bender*, 240 F.3d at 121. Fee awards under section 505 of the Copyright Act "should encourage the types of lawsuits that promote" the Copyright Act's goals of "encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016). In *Kirtsaeng*, the Supreme Court held that "substantial weight" should be given to "the objective (un)reasonableness of [the] losing party's litigating position." *Id.* But the Court also noted that the objective reasonableness inquiry should not become dispositive, and that district courts should take into account "a range of considerations beyond the reasonableness of litigating positions." *Id.* at 1988. Specifically, the factors enumerated in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)—"frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence," *id.* at 534 n.19—remain relevant to courts' fee-shifting decisions. *See Kirtsaeng*, 136 S. Ct. at 1985, 1988-89. The magistrate judge thoroughly and accurately explained this standard for an award of fees under the Copyright Act. *See* Sp. App. 8–10.

3

The district court did not abuse its discretion in adopting the magistrate judge's application of this standard to Defendants-Appellees' claim. First, the magistrate judge considered Plaintiffs-Appellants' arguments that: (1) the state court order had not resolved the legal effect of the Delaware Certificate of Good Standing; (2) the state court orders left open the possibility that Manhattan Review could bring a direct claim against Defendants-Appellees; and (3) the Full Faith and Credit Clause of the United States Constitution required the district court to defer to the Delaware Certificate of Good Standing. The magistrate judge thoroughly justified his conclusion that "the positions that the plaintiffs took on the issue of collateral estoppel were both objectively unreasonable and frivolous." Sp. App. 20. The district court did not abuse its discretion in adopting that conclusion. Second, the magistrate judge considered Plaintiffs-Appellants' "troubling" litigation conduct, including their failure to mention the state court action in any of their three federal court complaints. Sp. App. 20. The district court did not abuse its discretion in accepting the magistrate judge's conclusion that "the failure to mention a relevant prior action indicates a lack of candor." Sp. App. 21. Finally, the district court did not abuse its discretion in accepting the magistrate judge's conclusion that "the goals of compensation and deterrence are furthered by compensating the defendants for litigating against claims that should not have been brought in the first place because the plaintiffs lacked the capacity to sue." Sp. App. 22.

Plaintiffs-Appellants focus instead on the purported strength of their intellectual property claims on the merits. But nothing in *Fogerty*, *Kirtsaeng*, or any other authority cited by Plaintiffs-Appellants restricts a district court's fee-shifting analysis under the Copyright Act to the objective unreasonableness or frivolousness of a party's *merits* arguments. For the foregoing reasons, the district court did not abuse its discretion in adopting the magistrate judge's recommendation for an award of fees under the Copyright Act.

4

## II. *Lanham Act*

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). We review a district court's award of fees under the Lanham Act for abuse of discretion. *See Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194 (2d Cir. 1996); *see also Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) (interpreting identical language in the Patent Act and concluding that "the exceptional-case determination is to be reviewed only for abuse of discretion"). As noted above, we hold in a *per curiam* opinion filed simultaneously with this order that Defendants-Appellees satisfy the definition of a "prevailing party" under the Lanham Act.

The magistrate judge premised his Lanham Act analysis on the assumption that we would apply the standard for fee requests under section 285 of the Patent Act, announced in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545 (2014), to fee requests under the identically worded fee-shifting provision in the Lanham Act. In *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519 (2d Cir. 2018), decided after we heard oral argument in this appeal, we vindicated the magistrate judge's assumption, holding that *Octane Fitness* provides the proper standard for an award of fees under section 35(a) of the Lanham Act. *See Sleepy's*, 909 F.3d at 531. The magistrate judge thus applied the correct legal standard to Defendants-Appellees' claim: "[A]n exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Sp. App. 11 (quoting *Octane Fitness*, 572 U.S. at 554).

Having assumed that *Octane Fitness* would apply, the magistrate judge then merged his fee-shifting analyses under the Copyright and Lanham Acts, observing that "[w]ith their wide-

5

ranging inquiry into all relevant sircumstances [sic] and focus on the *Fogerty* factors, the analyses for awarding attorneys' fees under the Copyright Act and under the Lanham Act overlap significantly." Sp. App. 12. The district court did not abuse its discretion in accepting the magistrate judge's approach. In *Octane Fitness*, the Supreme Court expressly looked to the "comparable context of the Copyright Act" in instructing district courts that "equitable discretion should be exercised 'in light of the considerations we have identified.'" 572 U.S. at 554 (quoting *Fogerty*, 510 U.S. at 534). Thus, the fee-shifting provisions under the Copyright, Lanham, and Patent Acts all require district courts to exercise their "equitable discretion" in assessing fee requests. *See id.*; *Fogerty*, 510 U.S. at 534. Furthermore, *Octane Fitness* expressly references the *Fogerty* factors from the Copyright Act context, encouraging district courts to apply those factors in exercising that discretion. *See Octane Fitness*, 572 U.S. at 554 & n.6. The magistrate judge therefore did not err in applying the same factors from his Copyright Act analysis to determine that Defendants-Appellees were entitled to an award of fees under the Lanham Act. For the foregoing reasons, the district court did not abuse its discretion in adopting the magistrate judge's recommendation for an award of fees under the Lanham Act.

### III. *Fee Calculation*

Plaintiffs-Appellants advance several arguments criticizing the district court's calculation of the fee award. All of these arguments fail. First, Plaintiffs-Appellants argue that the district court improperly awarded attorneys' fees for work done on behalf of Yun, who appeared *pro se* before the district court. But the magistrate judge carefully determined the amount of fees attributable to the work done on Yun's behalf and reduced the fee award accordingly. Relatedly, Plaintiffs-Appellants argue that one of Defendants-Appellees' attorneys committed an ethical violation because, *inter alia*, she failed to file a notice of appearance. But at least in the

6

circumstances here, the alleged ethical violation on their attorney's part is irrelevant to whether *Defendants-Appellees* are entitled to a fee award for the legal expenses that *they* concededly incurred. *See Cabala v. Crowley*, 736 F.3d 226, 231 (2d Cir. 2013) (per curiam) (alleged ethical violation by prevailing party's attorney was not a basis to disallow fees under the Fair Debt Collection Practices Act because fee award is to the party, not the party's attorney).

Next, Plaintiffs-Appellants argue that the district court should have declined to award any fees due to Defendants-Appellees' failure to segregate hours spent on compensable and non-compensable claims. But Plaintiffs-Appellants identify no prohibition against the magistrate judge himself segregating the hours spent on compensable and non-compensable claims. The magistrate judge did just that, reasonably determining the number of hours expended on non-compensable state law claims and disallowing fees for those hours accordingly. The magistrate judge properly concluded that the work on the standing, capacity-to-sue, and collateral estoppel issues was intertwined with work on the Copyright and Lanham Act claims, and was therefore compensable. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 168 n.4 (2d Cir. 2011) ("Hours spent on legal work that furthers both fee-shifting and non-fee shifting claims [are compensable] because they would have been expended even if the plaintiff had not included non-fee-shifting claims in his complaint.").

Plaintiffs-Appellants further argue that the district court's reduction of the fee award based on the unnecessary work spent on the first motion to dismiss should have been more than 35%. But the magistrate judge adequately explained why he adopted a 35% reduction, rather than the larger reduction that Plaintiffs-Appellants urge: although "just over one-half of [the] fees" that Defendants-Appellees sought to recover were billed during the period in which the attorneys worked on the "unnecessary" first motion to dismiss, "not all of that time was spent on the failed

7

motions to dismiss," and some of the time spent on that motion "was likely valuable for the successful motions to dismiss."   Sp. App. 37.

Finally, the district court did not abuse its discretion in deeming waived Plaintiffs-Appellants' argument, which appeared only in a footnote, that Meissner should not be liable for attorneys' fees because he was simply advancing the interests of Manhattan Review in a representational capacity.   *See Brown v. City of New York*, 862 F.3d 182, 187 (2d Cir. 2017); *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993).

\* \* \*

We have considered all of Plaintiffs-Appellants' remaining arguments and find them to be without merit.   For the reasons set forth herein and in the accompanying *per curiam* opinion filed simultaneously with this order, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8